**Afifa AFIFI, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF the INTERIOR, Defendant–Appellee.**

No. 88–1770.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 29, 1990.

Decided Jan. 25, 1991.

As Amended Feb. 26, 1991.

Tyler Perry Brown, argued (Laura H. Hamilton, Hunton & Williams, on brief), Richmond, Va., for plaintiff-appellant.

Coleman Ray Sachs, argued, Sp. Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., on brief), Alexandria, Va., for defendant-appellee.

Before HALL and MURNAGHAN, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

**K.K. HALL, Circuit Judge:**

Afifa Afifi appeals the district court's dismissal of her action alleging both discrimination and nondiscrimination claims [1] against her former employer, the U.S. Geological Survey of the Department of the Interior.

## I.

This case raises a knotty jurisdictional problem. Appellant Afifa Afifi was an employee of the U.S. Geological Survey of the Department of the Interior ("DOI") from 1978 until November 1986. In 1985, after exhausting administrative remedies, she filed a Title VII suit in district court alleging that she was being discriminated against [2] because of her gender and national origin (Afifi is a naturalized citizen and was born in Egypt). When she was suspended by DOI for 45 days in April 1986, she amended her complaint to allege that this action also had a discriminatory motive. The suit was tried to the court in December 1986. The district court entered judgment for DOI January 12, 1987, and Afifi's appeal to this court was unsuccessful. *Afifi v. Hodel*, 829 F.2d 34 (4th Cir. 1987).

The seeds of the present action were already sown, however. On November 14, 1986, just a few weeks prior to the trial of her Title VII case, Afifi was fired by DOI. She sought review of both her April suspension and November termination from the Merit Systems Protection Board ("MSPB"). The suspension appeal was denied January 29, 1988; Afifi immediately filed this action in district court. She alleged both discriminatory and nondiscriminatory illegalities in her suspension. DOI moved to dismiss or for summary judgment and argued that Afifi's discrimination claims were barred by *res judicata*. Before the district court ruled on the motion, the MSPB entered an order denying Afifi's termination appeal.[3]

On August 16, 1988, the district court dismissed the entire complaint. The court found that Afifi's discrimination claims were barred by *res judicata*, and dismissed them with prejudice. The court then dismissed the nondiscrimination claims without prejudice for lack of jurisdiction. By that time, Afifi's time to appeal the MSPB orders in the Federal Circuit had run. Afifi appeals.[4]

## II.

When it created the Federal Circuit, Congress vested the court with exclusive jurisdiction to hear appeals from final orders of the MSPB in federal personnel matters. 28 U.S.C. § 1295(a)(9). However, an exception to this jurisdiction creates, in appellant's words, a "mine field for the unwary." Title 5 U.S.C. § 7703(b)(2) requires that all claims of discrimination under the Civil Rights Acts, Age Discrimination in Employment Act, or Fair Labor Standards Act be filed in the appropriate district court. The pitfall in this two-tracked approach arises where the employee alleges both discrimination and nondiscrimination claims. In such a "mixed case" the entire action must be brought in district court, and bi-

---

1. A "discrimination claim" is a claim by a federal employee against his employer under the Civil Rights Acts, Age Discrimination in Employment Act, or Fair Labor Standards Act. A "nondiscrimination claim" is any other claim by a federal employee against his employer. The classic nondiscrimination claim is an assertion that merit principles were disregarded in denying a promotion within the competitive federal civil service.

2. The gravamen of this complaint was that DOI passed over Afifi for promotions and refused to allow her to conduct research projects because of her gender and national origin.

3. In Afifi's complaint, she alleged that she anticipated that the MSPB would deny her termi-

nation appeal. When the appeal was in fact denied, Afifi did not amend her complaint to so state. Whether her complaint actually states a claim for relief as to her termination is an interesting question, but one not presented by this appeal. *Compare Richerson v. Jones*, 572 F.2d 89, 97 (3d Cir.1978), *with Rivera v. United States Postal Service*, 830 F.2d 1037 (9th Cir. 1987), *cert. denied*, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988).

4. Afifi offers no argument that the dismissal of her discrimination claims as barred by *res judicata* was erroneous. Accordingly, that portion of the judgment below is affirmed.

furcated proceedings are prohibited. *Williams v. Dep't of Army*, 715 F.2d 1485 (Fed.Cir.1983) (en banc). The no-bifurcation rule's purpose is to avoid a "tremendous waste of judicial resources." *Wiggins v. United States Postal Service*, 653 F.2d 219, 222 (5th Cir.1981).

The final twists on the entangling vine come from judicially-created practices intended to protect the integrity of the jurisdictional scheme. First, though it is a court of sharply limited subject-matter jurisdiction, the Federal Circuit has assumed jurisdiction over what it terms "procedural" or "threshold" issues. These have included waivers of filing deadlines, *Ballentine v. MSPB*, 738 F.2d 1244 (Fed.Cir.1984), whether the MSPB itself had jurisdiction, *id.*, and whether the MSPB appropriately dismissed a request for attorney's fees, *Hopkins v. MSPB*, 725 F.2d 1368 (Fed.Cir. 1984). In addition, and perhaps most problematically, the Federal Circuit has assumed jurisdiction where it determines that a facially "mixed" complaint does not actually state a cognizable discrimination claim. *Hill v. Dep't of Air Force*, 796 F.2d 1469 (Fed.Cir.1986). Second, a few cases recognize the predictable principle that district courts can discourage forum shopping by dismissing nondiscrimination claims for lack of jurisdiction where an appended discrimination claim is sham or frivolous.[5] *Williams*, 715 F.2d at 1491; *Blake v. Dep't of Air Force*, 794 F.2d 170 (5th Cir.1986).

### III.

This case arises in a gray area left by these decisions. What should a district court do with a nondiscrimination claim where an appended discrimination claim, though not sham or frivolous, is quickly disposed of by an affirmative defense? The government argues that the district court lacks jurisdiction as soon as the discrimination claim is dismissed, but we find this argument illogical. Congress explicitly gave the district courts exclusive jurisdiction over mixed cases. In this grant of jurisdiction, Congress must have assumed that some mixed cases might present valid nondiscrimination claims and unfounded discrimination claims. The district court's jurisdiction should not be determined after the merits of the discrimination claim are decided, with the unlucky plaintiff (like Afifi) left with a dismissal without prejudice and a long-expired appeal period to the Federal Circuit.

In fact, to avoid the pitfalls for unwary plaintiffs created by subject-matter courts, Congress enacted a liberal transfer statute (28 U.S.C. § 1631) when it created the Federal Circuit.

> The uncertainty in some statutes regarding which court has review authority creates an unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedure.
>
> At present, the litigant's main protective device, absent an adequate transfer statute, is the wasteful and costly one of filing in two or more courts at the same time. This puts increased burdens on the courts as well as the parties.
>
> Therefore, the language of [28 U.S.C. § 1631] is broadly drafted to permit transfer between any two federal courts.

Senate Report No. 97–275, 1982 U.S.Code Cong. & Admin.News 11, 21. In short, Congress discouraged wasteful parallel appeals by creating a safety net for litigants who might seek review in a single wrong forum. The transfer statute has been applied to reviews of MSPB decisions. *See Williams*, 715 F.2d at 1491 (transferring mixed case to district court); *Hays v. Postmaster General*, 868 F.2d 328, 331 (9th Cir.1989) (remanding to determine whether transfer would serve the interests of justice).

---

5. "The Committee is concerned that the exclusive jurisdiction ... of the new Federal Circuit not be manipulated.... Federal District judges are encouraged to use their authority under the Federal Rules of Civil Procedure ... to ensure the integrity of the jurisdiction of the federal court of appeals...." Senate Report No. 97–275, 1982 U.S.Code Cong. & Admin.News 11, 29–30. Though the Senate Report made this comment within the context of a discussion of the new court's patent jurisdiction, we think it applies with full force to all aspects of the Federal Circiut's exclusive jurisdiction.

**64**

■ Our task is to harmonize three indisputable congressional objectives—(1) that the Federal Circuit should be the uniform voice in federal personnel matters, (2) that the district courts throughout the country should hear all claims arising under the antidiscrimination laws, and (3) that judicial resources not be wasted by parallel actions. First, we join those courts that have held that a district court may dismiss an entire mixed case where it finds that a plaintiff has engrafted a sham discrimination claim onto his complaint in order to defeat the Federal Circuit's jurisdiction. On the other hand, we reject the extreme notion that the district court's jurisdiction over the nondiscrimination claim automatically disappears with any dismissal of the discrimination claim.

■ In the middle ground, where the plaintiff's discrimination claim is not brought as a jurisdictional charade but nonetheless quickly evaporates, we leave to the district court's discretion one of two alternatives—(1) retain jurisdiction over the nondiscrimination claim, or (2) transfer the case to the Federal Circuit under 28 U.S.C. § 1631.[6] In no event should a plaintiff who brings his case in good faith[7] in the district court be deprived of a forum for his nondiscrimination claim.

How should the district courts exercise this discretion? A fundamental consideration is the purpose of district court jurisdiction over mixed cases in the first place—judicial economy. This purpose is strikingly similar to the rationale for district court jurisdiction over state-law pendent claims.[8]

Accordingly, we find much guidance in the factors commonly considered by federal courts when deciding whether to retain jurisdiction over pendent claims where the federal claims have been dismissed—judicial economy, convenience, concerns for federalism, and fairness to litigants. *See, e.g., Maseda v. Honda Motor Co.,* 861 F.2d 1248 (11th Cir.1988); *United States v. Zima,* 766 F.2d 1153 (7th Cir.1985). In the context of this case, the "concern for federalism" factor translates to a concern for the uniformity in federal personnel policy Congress envisioned when it gave exclusive jurisdiction over nondiscrimination claims to the Federal Circuit. The other factors take into account any prejudice or hardship to litigants, the amount of litigation that has already taken place, and the like.

We are sorely tempted to simply perform this analysis ourselves in this case. Relatively little time and expense has been invested by the parties in the district court proceeding; at oral argument, neither side had any particular objection to transfer to the Federal Circuit. Nonetheless, we believe that the decision whether to retain jurisdiction or transfer should be committed in the first instance to the district court, and we should review that decision only for abuse of discretion. *Hays,* 868 F.2d at 331. Accordingly, we affirm the district court's dismissal of Afifi's discrimination claims, but we vacate the dismissal of her nondiscrimination claims and remand for further proceedings consistent with this opinion.[9]

---

**6.** This case easily satisfies the requirements of § 1631. To transfer a case, a court must find that (1) the proposed transferee court has jurisdiction, (2) the action would have been timely filed had it been brought initially in the transferee court, and (3) transfer would serve the interests of justice.

**7.** We have little doubt that Afifi's claims were brought in good faith. The MSPB order denying her administrative appeal in fact *directed* her to go to the district court for review, because hers was a mixed case. We do not expect or encourage a pro se litigant in Afifi's position to ignore the directions of a federal agency, and we certainly will not allow the agency to profit from the litigant's unwitting compliance with its erroneous command.

**8.** *Cf. Williams,* 715 F.2d at 1493 (Nichols, J., concurring) (similarity of diversity and mixed-case jurisdiction in the district courts).

**9.** The government argues that the district court should have dismissed the nondiscrimination claims with, and not without, prejudice because of collateral estoppel. However, the government filed no notice of appeal, and hence cannot urge this court to correct the supposed error. *Thurston v. United States,* 810 F.2d 438 (4th Cir.1987). The government is free, of course, to assert a collateral estoppel bar to Afifi's nondiscrimination claim in whatever forum that claim's merits are finally addressed.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.