**Barbara L. HUNT, Plaintiff,**

v.

**Michael P.W. STONE, Secretary of the Army, Defendant.**

Civ. A. No. 93–494–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

June 29, 1993.

Barbara L. Hunt, pro se.

Kenneth E. Melson, U.S. Atty., Richard Parker, Asst. U.S. Atty., Alexandria, VA, for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on Defendant's Motion to Dismiss, and Plaintiff's Cross Motion for Summary Judgment. Plaintiff was employed with the U.S. Army Contracting Command, Europe, at the contracting center located in Frankfurt, Germany. On November 15, 1991, she was removed from her position as contract specialist, GS-1102-7, for prolonged absence without approved leave; failure to follow instructions for proper notice and request for leave; failure to comply with management directives to provide acceptable documentation; and failure to report to work when ordered. Plaintiff appealed her removal to the Merit Systems Protection Board ("MSPB") alleging that, "As an act of reprisal for having filed an EEO complaint based on age, sex and physical handicap, I was removed from my position."

By a decision dated March 5, 1992, the MSPB found that plaintiff's removal was not in reprisal for protected activity and upheld the Army's action. Plaintiff was informed that the MSPB's Initial Decision would become final on April 9, 1992, unless she filed a petition for review with the MSPB or if the MSPB re-opened the case on its own motion. Plaintiff was further informed that she could file a petition with the Court of Appeals for the Federal Circuit within 30 calendar days of the date on which the MSPB's Initial Decision became final. Plaintiff did not file a petition for review with the MSPB and the Board did not reopen the case upon its own motion. The Initial Decision became final on April 9, 1992, triggering a filing deadline on May 9, 1992 in the Court of Appeals for the Federal Circuit.

Plaintiff did not file an appeal with the Federal Circuit, but instead, on May 13, 1992, she filed this complaint originally in the United States District Court for the District of Columbia. Plaintiff claims, in part, jurisdiction based on the statutory right of appeal from the April 9, 1992 Final Decision of the MSPB. Plaintiff also alleges that her removal from employment was motivated by age and gender discrimination—claims which she did not allege in her case before the MSPB. She also attempts to invoke the jurisdiction of District Court pursuant to Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Whistleblower Protection Act, and the Rehabilitation Act.

By Order dated March 31, 1993, the District Court for the District of Columbia transferred the action to the United States District Court for the Eastern District of Virginia, where venue properly lies. Defendant contends, and this court agrees, that this court lacks jurisdiction to review the decision of the MSPB under the circumstances of this case, and that the action must be dismissed. For the reasons stated below, this court grants the defendant's motion to dismiss, and denies plaintiff's cross motion for summary judgment.

Plaintiff began working for the U.S. Army Contracting Command, Europe, at the Contracting Center in Frankfurt, Germany, in 1981. In January of 1990, pursuant to a negotiated agreement resulting from the settlement of an administrative complaint filed in 1989, she was appointed to the position of a GS-7/9 contract specialist. The agreement provided that promotion to a GS-9 was contingent upon plaintiff's successful performance.

On September 7, 1990, plaintiff received a minimally acceptable performance rating. On December 18, 1990 plaintiff filed a formal complaint alleging continued discrimination and reprisal. The U.S. Army Civilian Appellate Review Agency ("USACARA") conducted an investigation of plaintiff's complaint, and concluded that the Army provided "clear

and convincing evidence that a marginal performance evaluation was warranted."

On June 16, 1992, plaintiff developed an unspecified illness, and took on sick leave from June 17 until July 21, 1991. Her supervisor, Ms. Martha Mauer, granted her more leave, from July 24, 1991 until August 20, 1991, provided that upon the third day of absence plaintiff furnished a doctor's note, indicating prognosis, diagnosis and expected return date. Plaintiff failed to provide any medical documentation other than a letter from her doctor, written in German, which stated merely that plaintiff would not be returning to work until after a stated date. Plaintiff was then notified on August 20, 1991 that all of her sick leave was exhausted, and that she had submitted inadequate medical documentation for leave already taken. She was again directed to provide a diagnosis, prognosis and expected return date, and was advised that a decision to grant further leave would be withheld until such information was received.

Ms. Hunt's counsel stated to Ms. Mauer that the doctors had not arrived at a diagnosis, but that her condition continued to require treatment. Plaintiff's supervisor then offered her a medical exam at the Army's 97th General Hospital, but she refused. On September 5 until September 13, 1991, Ms. Mauer granted plaintiff leave without pay. Plaintiff was informed that she was expected to report for duty on September 16, 1991, with documentation of any medical condition which required reasonable accommodation, and that failure to report would result in a charge of AWOL.

Ms. Hunt did not report to duty as directed, and was charged AWOL beginning on September 16, 1991. On September 27, 1991, Ms. Mauer proposed plaintiff's removal from service for: prolonged absence without approved leave; failure to follow instructions for proper notice and request for leave; failure to comply with management directives to provide acceptable documentation; and failure to report to work when ordered.

On November 8, 1992, Larry Mangel, Deputy Chief, U.S. Army—Europe Contracting Center, issued a decision to remove plaintiff on the basis of the charges presented. The MSPB upheld this action on appeal.

■ The Civil Service Reform Act ("CSRA") forbids an agency from engaging in certain "prohibited personnel practices," such as reprisals based on an employee's pursuit of administrative redress or discrimination on the basis of conduct which does not adversely affect job performance. See 5 U.S.C. §§ 2301, 2302. The CSRA further provides an "integrated scheme of administrative and judicial review," designed to provide comprehensive remedies for violations of the rights of federal employees. The nature of the remedy varies with the status of the employee and the nature of the personnel action which is the subject of the complaint. United States v. Fausto, 484 U.S. 439, 444–50, 108 S.Ct. 668, 672–75, 98 L.Ed.2d 830 (1988).

■ In the present case the complained of actions are alleged reprisals which are redressable through the administrative framework of the CSRA, so long as the individual uses the statutory avenues of appeal and review available pursuant to the CSRA. The primary inquiry as to which avenue of review the complainant must take in such a case is whether the complainant initially alleges, in the appeal of the adverse employment action, discrimination as the basis of the personnel action.

For example, if the person believes that she has been the subject of illegal discrimination and that this discrimination is the basis for the adverse personnel action, the individual may file a "mixed" case [1] appeal with either the MSPB or with the equal employment office of the employing agency. 29 C.F.R. § 1613.403. The first filed action shall be considered an election to proceed in that forum. Id.

■ A United States District Court may review the final decisions of the MSPB regarding a "mixed" case, but only after the MSPB has adjudicated the discrimination issues on the merits. 5 U.S.C. § 7703(b)(2);

---

1. A mixed case is one in which an employee alleges that unlawful discrimination was a motivating factor in the personnel action being appealed. 29 C.F.R. § 1613.402.

*Ballentine v. Merit Systems Protection Board,* 738 F.2d 1244, 1246–47 (Fed.Cir. 1984). However, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over all other appeals of MSPB decisions. 5 U.S.C. § 7703(b)(2); *see also Afifi v. Department of Interior,* 924 F.2d 61 (4th Cir.1991). In cases such as the one before this court where there is no allegation of discrimination, there is no right of appeal to the United States District Court. *See Hays v. Postmaster Gen. of the United States,* 868 F.2d 328 (9th Cir.1989) (MSPB cases which do not raise discrimination claims must be appealed to the United States Court of Appeals for the Federal Circuit). Thus, when an individual is seeking review only of an adverse agency action, such as a reprisal, and the complaint makes no allegations of discrimination in the agency's actions, claimant may have a further right of appeal only either directly to the Federal Circuit or to the full MSPB and then to the Federal Circuit. *See* 5 U.S.C. §§ 7701, 7703.

In the present case, Ms. Hunt elected to pursue review of her removal from the service by filing an appeal with the MSPB. Plaintiff did not allege that she was terminated from employment as a result of any illegal discrimination on the part of the Army. She stated in her Statement of Appeal that, "As an act of reprisal for having filed an EEO complaint based on age, sex and physical handicap, I was removed from my position." Having elected to file the appeal with the MSPB, plaintiff is now bound by the statutory scheme of appeal as set out in the CSRA, and thus may appeal her matter only to the Federal Circuit. *See Warren v. Department of Army,* 804 F.2d 654 (Fed.Cir.1986). Therefore, this court has no jurisdiction over this matter, and must grant defendant's motion to dismiss and deny plaintiff's cross motion for summary judgment.

Lastly, because this matter was not timely filed, this court would not review the decision of the MSPB, or transfer the case to the proper court pursuant to 28 U.S.C. § 1610, even if it had jurisdiction to do so. Title 5 U.S.C. section 7703(b)(1) provides, "any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board." Ms. Hunt was fully informed in the Board's Initial Decision that she had 30 calendar days from April 9, 1992 to file a complaint with the Federal Circuit. Since plaintiff did not file this complaint until May 13, 1992, she is clearly outside the prescribed time period for filing any appeal of the decision as mandated in 5 U.S.C. § 7703(b)(1).

An appropriate Order shall issue.

## ORDER

This matter came before the court on Defendant's Motion to Dismiss, and Plaintiff's Cross Motion for Summary Judgment. For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that and Plaintiff Barbara Hunt's Cross Motion for Summary Judgment is DENIED, Defendant Michael P.W. Stone's Motion for Summary Judgment is GRANTED, and this case is dismissed.