**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREA Y. HENDRIX,

        Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE,

        Defendant - Appellee.

No. 96-2150

(D. New Mexico)

(D.C. No. 95-CV-1176)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Andrea Hendrix appeals the district court's order upholding the final decision of the Merit Systems Protection Board (MSPB) to terminate her employment with the United States Forest Service, United States Department of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Agriculture. In its brief on appeal, the Department of Agriculture argues, and Ms. Hendrix agrees, that the district court lacked subject matter jurisdiction over the case. Because the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over Ms. Hendrix's case, we vacate the decision of the district court, and remand her case to the district court with instructions to transfer it to the Federal Circuit.

## I.

On March 1, 1994, Ms. Hendrix was removed from her position with the Forest Service for conduct prejudicial to the best interests of the service, specifically, assault of a co-worker, inflicting bodily harm on a co-worker, and threatening a co-worker. Ms. Hendrix appealed this decision to the Merit Systems Protection Board, which affirmed her removal in an order that became final on October 21, 1994. Before the Service and the MSPB, Ms. Hendrix argued, among other things, that her removal from the Service was an act of reprisal in violation of Title VII of the Civil Rights Act of 1964.

On November 14, 1994, Ms. Hendrix petitioned the United States Court of Appeals for the Federal Circuit to review the final order of the MSPB (MSPB appeal). On November 28, 1994, Ms. Hendrix also filed a complaint in the U.S. District Court for the District of New Mexico alleging that her removal from the service was part of a continuing pattern and practice of reprisal in violation of

Title VII. In a subsequent filing before the Federal Circuit, Ms. Hendrix stated that no claim of discrimination had been or would be made in her MSPB appeal before the Federal Circuit. She also disclosed that she had filed the above-mentioned discrimination case in New Mexico district court. Appellee's Supp. App. at 64.

The New Mexico district court consolidated Ms. Hendrix's discrimination action with a related discrimination claim she filed one year earlier (discrimination actions). The Department of Agriculture then moved to dismiss the discrimination actions, arguing that the district court lacked subject matter jurisdiction because Ms. Hendrix had improperly attempted to bifurcate her appeal of the MSPB's final order. Id. at 28, 32-33. The Department also moved to amend its brief before the Federal Circuit, arguing that the Federal Circuit lacked jurisdiction because Ms. Hendrix was still actively pursing her discrimination actions in the district court. Id. at 82-84.

As a result of these jurisdictional concerns, the parties entered a stipulated order in New Mexico district court on August 4, 1995, dismissing without prejudice Ms. Hendrix's consolidated discrimination actions. The stipulated order also provided that Ms. Hendrix had the right to re-file the claims "up to and including thirty (30) days after the ruling of this Court on the plaintiff's appeal

related to the issues contained in [her MSPB appeal.]" Id. at 74.[1] Then, on August 7, 1995, the Federal Circuit granted Ms. Hendrix's unopposed motion to transfer her MSPB appeal, and transferred the case to the New Mexico district court. The district court heard Ms. Hendrix's MSPB appeal on the merits, and affirmed her removal from the Forest Service. Ms. Hendrix appeals the New Mexico court's order.

On appeal, the Department of Agriculture argues that the district court lacked jurisdiction because "there is not and was not at any time since the [transferred] case was first opened in district court a pending discrimination claim associated with this appeal of the MSPB decision. Thus, the district court lacked jurisdiction over the MSPB appeal as a mixed case and this Court lacks jurisdiction over it now." Appellee's Br. at 6. Ms. Hendrix agrees, stating:

> On August 4, 1995, the parties entered into a Stipulated Order of Dismissal Without Prejudice. The parties then agreed that Ms. Hendrix would file an unopposed motion to transfer to the Tenth Circuit. On the 7th day of August, 1995, the Federal Circuit then issued an Order transferring the appeal to the United States District Court for the District of New Mexico.
> The attorneys that initiated the original transfer then proceeded with a full briefing at the District Court and obtained a ruling in their favor, despite the fact that there was an apparent flaw in the jurisdiction as of August 4, 1995. . . . Obviously, this was an oversight on the part of all parties.

---

[1]Ms. Hendrix does not dispute the Department of Agriculture's arguments that she is now barred from raising any discrimination claims.

Apparently, neither the District Court or this Court had jurisdiction.

Appellant's Reply Br. at 1-2 (citations omitted). Both parties request that the case be transferred back to the Federal Circuit.[2]

## II.

The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from final orders of the Merit Systems Protection Board. See 5 U.S.C. § 7703(b)(1); 28 U.S.C. § 1295(a)(9); see also Long v. United States Dep't of Air Force, 751 F.2d 339, 342 n.2 (10th Cir. 1984); Bergman v. Department of Commerce, 3 F.3d 432, 434 (Fed. Cir. 1993); Afifi v. United States Dep't of Interior, 924 F.2d 61, 62 (4th Cir. 1991). However, if a case is a "mixed case," in which "the employee is challenging judicially the board's determinations of both the discrimination and the nondiscrimination issues," then jurisdiction lies solely in the district court pursuant to 5 U.S.C. § 7703(b)(2). Williams v. Department of Army, 715 F.2d 1485, 1491 (Fed. Cir. 1983); see also Williams v. Rice, 983 F.2d 177, 179-80 (10th Cir. 1993); Hill v. Department of Air Force, 796 F.2d 1469, 1470 (Fed. Cir. 1986). In such a "mixed case" the entire action must be brought in district court, and bifurcated proceedings are prohibited. See Afifi, 924 F.2d at 62-63; Williams, 715 F.2d at 1490-91.

---

[2]Alternatively, the Department of Agriculture requests this court to dismiss the appeal.

Here, there is no dispute that Ms. Hendrix dismissed her discrimination actions in the New Mexico district court before her MSPB appeal was transferred from the Federal Circuit to that court. Accordingly, at that point, there was no basis for the transfer because the case was no longer mixed. Also, it is undisputed that she made no discrimination claim in her appeal before the Federal Circuit, and has otherwise abandoned any discrimination claims connected with her appeal of the MSPB's decision. Therefore, Ms. Hendrix does not present a "mixed case," and the U.S. Court of Appeals for the Federal Circuit has exclusive jurisdiction over her appeal. See King v. Lynch, 21 F.3d 1084, 1089 (Fed. Cir. 1994) (noting case no longer mixed and Federal Circuit has jurisdiction when plaintiff abandons discrimination claims either before the board or on appeal); Daniels v. United States Postal Service, 726 F.2d 723, 724 (Fed. Cir. 1984) (same). Regardless of the odd conditional language in the stipulated order of dismissal, as we indicated earlier, Ms. Hendrix does not dispute that she can no longer pursue her discrimination claims, and she is foreclosed from bringing those claims in any forum.

## III.

Because the Federal Circuit has exclusive jurisdiction over this case, we VACATE the decision of the district court and REMAND the case with instructions that it be transferred, "in the interests of justice," to the United States

-6-

Court of Appeals for the Federal Circuit so that Ms. Hendrix may have her case heard before the proper forum.[3]  See 28 U.S.C. § 1631 (stating federal courts shall transfer an action to cure a want of jurisdiction, if transfer is in the interests of justice);  see also Burkins v. United States, 112 F.3d 444 (10th Cir. 1997) (remanding with directions that district court transfer action to United States Court of Federal Claims which had exclusive Tucker Act jurisdiction); Cooper v. Department of the Navy, 108 F.3d 324, 327 (Fed. Cir. 1997) (retransferring MSPB case to district court because discrimination claims existed); Denton v. Merit Systems Protection Board, 768 F.2d 422, 425 (D.C. Cir. 1985) (transferring MSPB appeal to the Federal Circuit).[4]  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[3]In retransferring this case, we recognize the Supreme Court's admonition to respect the law of the case concerning jurisdiction, and to avoid jurisdictional ping-pong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818-19 (1988).  However, nothing in the record on appeal suggests that the Federal Circuit was aware of the parties' agreement to dismiss the discrimination actions in the district court prior to the transfer of the MSPB appeal from the Federal Circuit.  This is a case where the transfer was clearly erroneous, and re-transfer of the case to the Federal Circuit is appropriate.  See Christianson, 486 U.S. at 819; Simanonok v. Simanonok, 918 F.2d 947, 953 (Fed. Cir. 1990).

[4]In light of our disposition of the jurisdiction issue, we deny Ms. Hendrix's motion to remand to the district court for review of the entire record.