**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1059**

MARSHA TWYMAN,

                Plaintiff – Appellant,

      v.

M. JOHN BERRY, Director, Office of Personnel Management;
UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,

                Defendants – Appellees.

**No. 10-1064**

PEDRO GARCIA,

                Plaintiff – Appellant,

      v.

M. JOHN BERRY, Director, Office of Personnel Management;
UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,

                Defendants – Appellees.

Appeals from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert G. Doumar, Senior
District Judge. (2:08-cv-00519-RGD-FBS; 2:09-cv-00262-RGD-FBS)

Submitted: September 7, 2011    Decided: September 27, 2011

Before TRAXLER, Chief Judge, and SHEDD and KEENAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James H. Shoemaker, Jr., PATTEN, WORNOM, HATTEN & DIAMONSTEIN, LC, Newport News, Virginia, for Appellants. Neil MacBride, United States Attorney, Alexandria, Virginia; Kent P. Porter, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marsha Twyman and Pedro Garcia are former employees of the United States Office of Personnel Management ("OPM") who were terminated from their employment for failing to meet certain performance standards. After unsuccessfully challenging their terminations before a Merit Systems Protection Board ("Board") administrative judge, Twyman and Garcia filed these actions in the district court seeking judicial review. Finding no reason to overturn the Board's decision, the district court entered summary judgment in OPM's favor and dismissed the cases. We affirm.[1]

On appeal, Twyman and Garcia primarily argue that the Board erred in upholding their terminations because OPM failed to meet its burden of proving that the applicable performance standards

---

[1] The administrative judge's decision is the final decision of the Board, and our jurisdiction over these appeals arises under 28 U.S.C. § 1291. In the proceedings below, Twyman and Garcia also asserted discrimination claims, but they voluntarily dismissed those claims before the district court granted summary judgment. Our jurisdiction is not affected by the dismissal of the discrimination claims. See Afifi v. U.S. Dept. of Interior, 924 F.2d 61 (4th Cir. 1991) (discussing the jurisdictional issues arising in appeals from the Board and holding that in a mixed case involving a good-faith discrimination claim and a nondiscrimination claim, the district court does not lose jurisdiction over the nondiscrimination claim when the discrimination claim is disposed of); see also Porsche Cars N.A., Inc. v. Porsche.net, 302 F.3d 248, 255 (4th Cir. 2002) (noting that there is "no support for the . . . proposition that the conditions that create subject-matter jurisdiction must necessarily persist throughout the life of a case").

were "valid." Under the controlling law, performance standards are valid if, to the maximum extent feasible, they permit the accurate appraisal of performance based on objective criteria, and if they "are reasonable, realistic, attainable and clearly stated in writing." Walker v. Dept. of Treas., 28 M.S.P.R. 227, 229 (1985). Employees cannot be terminated based on a performance standard that requires them to achieve an unreasonably high level of performance. Boyd v. Dept. of Navy, 88 M.S.P.R. 435, 439 (2001). Stated succinctly, Twyman and Garcia contend that the performance standards were invalid because they were unattainable without working uncompensated overtime hours.

Our appellate review is limited to whether the Board's decision constitutes an abuse of discretion, is arbitrary and capricious or otherwise not in accordance of law, or is unsupported by substantial evidence. See Hooven-Lewis v. Caldera, 249 F.3d 259, 265-66 (4th Cir. 2001) (citing 5 U.S.C. § 7703(c)). In this regard, we are not at liberty to substitute our judgment for that of the Board, and our role "is only to ascertain if the Board has met the minimum standards set forth in the statute." U.S.P.S. v. Gregory, 534 U.S. 1, 7 (2001). Twyman and Garcia bear the burden in these appeals of establishing error. Harris v. Dept. of Vet. Aff., 142 F.3d 1463, 1467 (Fed. Cir. 1998).

4

The administrative judge thoroughly detailed the evidence presented at the administrative hearing. Regarding the validity of the performance standards, the judge found, among other things, that "a number of agents demonstrated their ability to perform their job duties within the regular work hours and, thus, there was sufficient evidence to conclude that the standards could be met within the regular . . . work week." J.A. 750. Applying the deferential standards applicable to our review of this decision, and based on the evidence contained in the administrative record, we hold that the decision cannot reasonably be said to be arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law, or unsupported by substantial evidence.[2]

Accordingly, we affirm the summary judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Twyman and Garcia also contend that the decisions to terminate them were arrived at through "harmful procedural error." We find no merit to this contention.

5