# United States Court of Appeals for the Federal Circuit

2009-1082


EDWARD C. DEDRICK,

Plaintiff-Appellant,

v.

John Berry, DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT,

Defendant-Appellee,

and

Pete Geren, SECRETARY OF THE ARMY,

Defendant.

Edward C. Dedrick, of North East, Maryland, pro se.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from: United States District Court for the District of Maryland

Judge William D. Quarles, Jr.

# United States Court of Appeals for the Federal Circuit

2009-1082

EDWARD C. DEDRICK,

Plaintiff-Appellant,

v.

John Berry, DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT,

Defendant-Appellee,

and

Pete Geren, SECRETARY OF THE ARMY,

Defendant.

Appeal from the United States District Court for the District of Maryland in case no. 07-CV-0429, Judge William D. Quarles, Jr.

_____

DECIDED: July 21, 2009

_____

Before NEWMAN, GAJARSA, and DYK, <u>Circuit Judges</u>.

GAJARSA, Circuit Judge.

This case presents us with a fundamental question of this court's jurisdiction over cases that include claims of discrimination. The United States District Court for the District of Maryland ("the district court") transferred to this court a disability retirement

claim, which had previously been adjudicated by the Merit Systems Protection Board ("the Board"). Dedrick v. Springer, No. 07-CV-0429 (D. Md. Jan. 11, 2008) ("Transfer Order"). Simultaneously, the district court dismissed a disability discrimination claim, which was pled to the district court in the same complaint. Because this is a mixed case, we lack jurisdiction to review the disability retirement claim. Accordingly, we transfer this case to the Fourth Circuit.

## BACKGROUND

For twenty-four years, Mr. Dedrick was employed by the Department of the Army as a general engineer, specializing in reliability evaluation. After an altercation with his supervisor in 2005, Mr. Dedrick was transported to a hospital, where he was treated for agitation and anxiety. Mr. Dedrick was diagnosed with hypertension. Shortly thereafter, the Army proposed to remove Mr. Dedrick because of the altercation. His removal became effective on August 4, 2005.

Mr. Dedrick filed a disability retirement application with the Civil Service Retirement System ("CSRS") in September of 2005. Mr. Dedrick cited high blood pressure, impulse-control disorder, and "intermittent explosive disorder reactive to psychosocial stressors" as his covered disabilities. The Office of Personnel Management ("OPM") concluded that Mr. Dedrick was not entitled to disability retirement, and Mr. Dedrick filed an appeal with the Board. In September 2006, an Administrative Judge affirmed OPM's decision, finding that Mr. Dedrick was not entitled to disability retirement because his conditions were treatable and would not interfere with his employment once treated. That decision became final on November 24, 2006.

Concurrent with those proceedings, Mr. Dedrick also pursued an action for disability discrimination with the Board. In July of 2006, an Administrative Judge determined that the Army had not discriminated against Mr. Dedrick, finding that "a psychiatric disorder cannot immunize an employee from being disciplined for misconduct in the workplace, even if the disability caused the misconduct." That decision became final in November of 2006. Mr. Dedrick timely filed a petition with the Equal Employment Opportunity Commission ("EEOC") to review the final decision of the Board. In February of 2007, the EEOC concurred with the Board's decision, and notified Mr. Dedrick of his right to file a civil suit in the district court.

Mr. Dedrick sought review of both his disability retirement and disability discrimination claims in the district court. On consideration of the government's motion for dismissal and/or summary judgment, the district court dismissed the disability discrimination claim, held that Mr. Dedrick's case was thus not a "mixed case," and transferred the remaining disability retirement claim to this court.

DISCUSSION

Section 7703 of Title 5 provides for judicial review of decisions of the Board, vesting jurisdiction in this court except in "[c]ases of discrimination subject to the provisions of section 7702." 5 U.S.C. § 7703(b)(1), (b)(2). Section 7702, in turn, defines the types of cases involving discrimination that are excluded from the jurisdiction of this court, including so-called "mixed cases"—those involving both discrimination and non-discrimination claims. See 5 U.S.C. § 7702; Williams v. Dep't of Army, 715 F.2d 1485, 1487 & n.3 (Fed. Cir. 1983) (en banc). Although we may not reach the merits of mixed cases, we may review threshold issues to determine our own

jurisdiction. See Hill v. Dep't of Air Force, 796 F.2d 1469, 1471 (Fed. Cir. 1986); Ballentine v. Merit Sys. Prot. Bd., 738 F.2d 1244, 1246 (Fed. Cir. 1984). For example, we may perform such review as is necessary to determine whether a cognizable claim for discrimination has been presented—i.e., whether the case is, in fact, a mixed case. See Hill, 796 F.2d at 1471 ("[I]f the Board correctly held that the employee presented no more than a frivolous allegation of discrimination then there never was a 'mixed case', and review of the merits of the adverse action lies exclusively with the Federal Circuit."); see also Meehan v. U.S. Postal Serv., 718 F.2d 1069, 1074 (Fed. Cir. 1983) ("[W]e conclude that racial discrimination has not been put forth substantively as a basis for the adverse [personnel] action and that the appeal is not excluded from our jurisdiction as a case of discrimination subject to the provisions of § 7702.").

Here, Mr. Dedrick's district court complaint explicitly included both a disability discrimination claim and a disability retirement claim. The district court action is thus presumptively a mixed case outside the scope of this court's jurisdiction. The district court, however, dismissed Mr. Dedrick's disability discrimination claim and transferred the remaining retirement claim to this court. In so doing, the district court relied heavily on our decision in Hill for the proposition that we may assume jurisdiction if a facially mixed complaint does not state a cognizable discrimination claim. Transfer Order at 4. Although we agree with the district court's characterization of Hill, we find this case to be distinguishable.

In Hill, we were faced with a situation in which the Board had dismissed a discrimination claim as frivolous. Although we could not reach the merits of Dr. Hill's

discrimination claim, we were thus in a position to review as a threshold matter the Board's determination that the claim was frivolous:

> If Dr. Hill presented a non-frivolous allegation of prohibited discrimination, he was entitled to a hearing thereon before the Board. If the Board improperly denied such hearing, we must remand to the Board for this purpose. But if the Board correctly held that the employee presented no more than a frivolous allegation of discrimination then there never was a "mixed case", and review of the merits of the adverse action lies exclusively with the Federal Circuit.

796 F.2d at 1471 (footnote omitted). In the present case, however, we cannot say that there "never was a mixed case." To the contrary, we must acknowledge that the merits of Mr. Dedrick's discrimination claim have been adjudicated by the Board. And clearly we are not the proper venue for review of the district court's dismissal of Mr. Dedrick's discrimination claim. Accordingly, we must continue to view this case as a "mixed case" and lack jurisdiction over this appeal.

Nor can we accept transfer of solely Mr. Dedrick's disability retirement claim. Review of Board decisions that involve discrimination and non-discrimination issues should remain one case; the claims may not be bifurcated into two lines of review. See Williams, 715 F.2d at 1488 ("Congress did not direct or contemplate bifurcated review of any mixed case."). This court has thus held en banc that "where jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action falls within the jurisdiction of that court and this court has no jurisdiction." Williams, 715 F.2d at 1491.

Additionally, we note that the district court relied upon Afifi v. Department of the Interior, 924 F.2d 61, 64 (4th Cir. 1991), as authority supporting the transfer of Mr. Dedrick's case to this court. In Afifi, the Fourth Circuit considered its competing obligations to prevent forum shopping by petitioners who attach "sham" discrimination claims to their complaint in order to avoid Federal Circuit jurisdiction, and to allow

district courts to retain jurisdiction of cases involving genuine discrimination claims. 924 F.2d at 64. The court held that where a dismissed discrimination claim is "not brought as a jurisdictional charade," a district court may: "(1) retain jurisdiction over the nondiscrimination claims, or (2) transfer the case to the Federal Circuit under 28 U.S.C. § 1631." Id. We agree with the Fourth Circuit both that a district court may dismiss a mixed case with a "sham" discrimination claim and that a district court may retain jurisdiction over a mixed case with a non-frivolous discrimination claim, even if that claim "quickly evaporates." Id. We disagree, however, that in the latter situation a district court may simply choose to transfer the case to this court. Section 1631 of Title 28 provides for the transfer of cases only "to any other such court in which the action or appeal could have been brought at the time it was filed;" and as explained above, this court lacks jurisdiction over mixed cases and is clearly not the proper venue for review of the district court's dismissal of Mr. Dedrick's discrimination claim.

Having determined that this court lacks jurisdiction over the present appeal, in whole or in part, we must now direct the transfer of this appeal pursuant to § 1631 to the appropriate venue.[1] In the Fourth Circuit, a dismissal for lack of subject matter jurisdiction is reviewable only if "the grounds for dismissal clearly indicate that no amendment in the complaint could cure the defects of the plaintiff's case." Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir. 1993) (internal quotation marks and brackets omitted). See also De'Lonta v. Angelone,

---

[1]    Although we are cognizant of the Supreme Court's caution against engaging in "perpetual game[s] of jurisdictional ping-pong," Christianson v. Colt Indus. Operating Corp., 486 U.S. 818 (1988), where, as here, we lack jurisdiction, we are compelled either "to dismiss the case or, 'in the interest of justice,' to transfer it to a court . . . that has jurisdiction," id.

330 F.3d 630, 633 n.3 (4th Cir. 2003) ("Although a dismissal without prejudice is not normally appealable, because the grounds provided by the district court for dismissal clearly indicate that no amendment in the complaint could cure the defects in the plaintiff's case, we conclude that the order dismissing [the petitioner's] complaint is an appealable final order." (internal quotation marks omitted)). Here, the district court found that the flaw in Mr. Dedrick's complaint—"[his] misunderstanding of the difference between the Rehabilitation Act and the CSRA," Transfer Order at 5—is not one that could be cured by amending the complaint. Therefore, the district court's dismissal of the disability discrimination claim and resultant transfer of the disability retirement claim are final and appealable to the Fourth Circuit.

CONCLUSION

For these reasons, we transfer this matter in its entirety to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1631. An order shall be issued concurrently herewith.

**TRANSFERRED**

COSTS

No costs.