NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGEL B. DELOS REYES, JR.,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2009-3201

---

Petition for review of the Merit Systems Protection Board in SF0831080721-I-1.

---

Decided: June 9, 2010

---

ANGEL B. DELOS REYES, JR., of Antipolo, San Antonio, Philippines, pro se.

RUSSELL A. SHULTIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRYANT G. SNEE, Deputy Director.

---

Before RADER, *Chief Judge*, LINN, and PROST, *Circuit Judges*.

PER CURIAM.

Angel B. Delos Reyes, Jr. ("Delos Reyes") appeals the final judgment of the Merit Systems Protection Board ("Board") affirming the August 13, 2008 decision of the Office of Personnel Management ("OPM") that Delos Reyes was not eligible to make a deposit in order to obtain benefits under the Civil Service Retirement System ("CSRS"). *Delos Reyes v. Office of Pers. Mgmt.*, No. SF-0831-08-0721-I-1 (MSPB April 27, 2009) ("*Final Decision*"). Because the Board's decision in not in error, we *affirm*.

Delos Reyes served as a federal employee for approximately 25 years from July, 1965 to November, 1990 in various civilian positions for the Department of the Navy. All of Delos Reyes's jobs were classified as either not-to-exceed ("NTE") (a temporary appointment that expires on the not-to-exceed date) or indefinite appointments. No CSRS contributions were withheld from Delos Reyes's pay during his employment. Pet. Br. at 1. On February 19, 2008, Delos Reyes applied to make a deposit to CSRS. OPM denied this request on March 25, 2008. OPM affirmed its denial on reconsideration, explaining that Delos Reyes's employment was not subject to the Civil Service Retirement Act ("CSRA") and therefore he was ineligible to make a CSRS deposit. On appeal to the Board, the administrative judge affirmed OPM's decision. *Delos Reyes v. Office of Pers. Mgmt.*, No. SF-0831-08-0721-I-1 (MSPB Jan. 6, 2009) ("*Opinion*"). The Board also denied Delos Reyes's claim of discrimination. *Opinion* at 7. On review, the full Board adopted the administrative judge's initial decision. *Final Decision* at 2.

This court's review of a Board decision is limited by statute. Under 5 U.S.C. § 7703(c), this court is bound by a decision of the Board unless we find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. *See, e.g.*, *Casilang v. Office of Pers. Mgmt.*, 248 F.3d 1381, 1382 (Fed. Cir. 2001). A petitioner must prove entitlement to retirement benefits by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 276 (Fed. Cir. 1985).

There are two types of federal service that are pertinent to a determination of whether an individual is entitled CSRS benefits—"creditable service" and "covered service." *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988). To be entitled to CSRS benefits, an individual must have had both creditable service and a certain amount of covered service. *See* 5 U.S.C. §§ 8331(1), 8333, and 8336-38; *Herrera*, 849 F.2d at 1417; *Noveloso v. Office of Pers. Mgmt.*, 45 MSPR 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table). Temporary, intermittent, and excepted indefinite appointments are specifically excluded from covered service under the CSRA. *See* 5 C.F.R. §§ 831.201(a)(1), (6), (12) and (13); *Casilang*, 248 F.3d at 1383.

In this case, the Board found that Delos Reyes's employment was entirely rendered under appointments excepted by the CSRA from covered service—NTE, intermittent and/or indefinite appointments—and thus excluded from retirement coverage. *Opinion* at 5. The record supports this finding and Delos Reyes does not appear to dispute the facts as determined by the administrative judge. Instead, Delos Reyes argues that despite the fact that his employment was not covered service, his employment was creditable service and therefore he is

eligible to make a deposit. Pet. Br. at 3-7. Even if he is correct about his employment qualifying as creditable service, however, Delos Reyes must also meet the covered service requirement in order to qualify for CSRS benefits. 5 U.S.C. § 8333(b). The record before us establishes that his service does not meet the covered service requirement.

Delos Reyes filed a statement with this court pursuant to Federal Circuit Rule 15(c) on which he checked the box which reads: "No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case." Nonetheless, Delos Reyes also argues in his informal brief that the Board erred in denying his discrimination claim. Pet. Br. at 8. This court does not have jurisdiction to reach the merits of certain "mixed" cases that present both discrimination and non-discrimination claims. *Dedrick v. Berry*, 573 F.3d 1278, 1280 (Fed. Cir. 2009). However, we may review threshold issues to determine our own jurisdiction. *Id.* "For example, we may perform such review as is necessary to determine whether a cognizable claim for discrimination has been presented." *Id.* Delos Reyes has not presented such a claim. OPM carried out its ministerial functions without discretion and thus could not have improperly discriminated against Delos Reyes. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 324 (1991) (stating "if a regulation mandates particular conduct, and the employee obeys the direction, the Government will be protected because the action will be deemed in furtherance of the policies which led to the promulgation of the regulation"); *Thompson v. Office of Pers. Mgmt.*, 81 MSPR 677, 680 (1999).

For the foregoing reasons, the Board's decision is

**AFFIRMED**

Costs

No costs.