**Ronald SMITH, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 2011–3184.

United States Court of Appeals, Federal Circuit.

Jan. 12, 2012.

Before RADER, Chief Judge, NEWMAN and PROST, Circuit Judges.

PER CURIAM.

*ORDER*

Ronald Smith petitions for review of the final decision of the Merit Systems Protection Board ("Board") which dismissed his appeal of the United States Postal Service's ("USPS") removal action as moot and found that Mr. Smith had not raised a genuine issue of material fact with respect to his discrimination claim. *Smith v. U.S. Postal Serv.,* SF0752110001–I–1 (M.S.P.B. Jan. 24, 2011), *petition for review denied.* (M.S.P.B. May 23, 2011). Because we lack jurisdiction to hear this appeal under 5 U.S.C. § 7703(b)(1), Mr. Smith's appeal is transferred under 28 U.S.C. § 1631 to the United States District Court for the Northern District of California for further proceedings.[1]

---

1. On November 28, 2011, Mr. Smith filed a motion to supplement the record, attaching various documents for submission. Mr. Smith did not explain why these documents were relevant to his appeal. The government opposed this motion, arguing that the documents either post-dated the Board's decision or did not appear to have ever been part of the record presented to the Board. On January 3, 2012, Mr. Smith submitted additional

The USPS removed Mr. Smith from his position as a mail-processing clerk in September 2010 for being in leave-without-pay status for more than a year. Mr. Smith appealed this removal to the Board. In his appeal, Mr. Smith additionally raised several disability discrimination claims, including a claim under the Rehabilitation Act, 29 U.S.C. § 791. While on appeal, the USPS rescinded Mr. Smith's removal after realizing that he actually had been on absent-without-leave rather than leave-without-pay status for a majority of the time. In the Initial Decision, the administrative judge agreed with the USPS that the removal order had been rescinded and that Mr. Smith had been returned to his pre-removal status. As a result, the administrative judge concluded that Mr. Smith's appeal of the USPS's adverse employment action was moot. Additionally, the administrative judge addressed Mr. Smith's discrimination claims, finding that Mr. Smith had not raised a genuine issue of material fact with respect to those claims. The Board denied Mr. Smith's petition for review, and the Initial Decision of the administrative judge then became the decision of the Board.

Mr. Smith has appealed the Board's decision to this court. Our jurisdiction to hear an appeal from the Board is limited. Under 5 U.S.C. § 7703(b)(1), we cannot review decisions of the Board in cases of discrimination that are subject to the provisions of 5 U.S.C. § 7702. Section 7702 "defines the types of cases involving discrimination that are excluded from the jurisdiction of this court, including so-called 'mixed cases'—those involving both discrimination and non-discrimination claims." *Dedrick v. Berry*, 573 F.3d 1278,

1280 (Fed.Cir.2009). This limitation to our jurisdiction is also explained in our *Guide for Pro Se Petitioners and Appellants:* "This court does not have jurisdiction to review cases involving bona fide claims of discrimination based on race, sex, age, national origin, or handicap that were raised before and considered by the [Board]." Accordingly, we can only review a mixed case "if the petitioner filed an explicit waiver of the claim of discrimination." *Davidson v. U.S. Postal Serv.*, 24 F.3d 223, 224 (Fed.Cir.1994).

Where, as here, the petitioner has not filed an explicit waiver of the discrimination claim, the entire action belongs in the appropriate district court. *See* 5 U.S.C. § 7703(b)(1); *Dedrick*, 573 F.3d at 1280–81. We, therefore, lack jurisdiction to hear Mr. Smith's appeal.

The court, PER CURIAM determines as follows:

IT IS ORDERED THAT:

(1) The November 28, 2011 Motion to Supplement the record is denied.

(2) The January 3, 2012 Motion to Supplement the record is denied.

(3) This action is transferred under 28 U.S.C. § 1631 to the United States District Court for the Northern District of California for further proceedings.

---

documents post-dating the Board's decision but again did not provide any explanation as to their relevance. We treat this second submission as another motion to supplement the record. The government also opposed this second motion. Because the submitted documents do not appear relevant to the issue currently before this court, Mr. Smith's motions are denied.