NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATHY P. WEBB,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2022-1984

---

Petition for review of the Merit Systems Protection Board in No. DA-844E-16-0084-I-1.

---

Decided:  April 4, 2023

---

KATHY P. WEBB, Pine Bluff, AR, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, DOUGLAS GLENN EDELSCHICK, PATRICIA M. MCCARTHY.

---

Before LOURIE, TARANTO, and STARK, *Circuit Judges.*

PER CURIAM.

Kathy P. Webb was separated from federal service on August 3, 2006.  On May 23, 2014, almost eight years after her separation from federal service, Ms. Webb applied for disability retirement under the Federal Employees Retirement System (FERS).  The Office of Personnel Management (OPM) disallowed Ms. Webb's application because her application was not filed within the one-year statutory deadline prescribed by 5 U.S.C. § 8453.  After unsuccessfully seeking reconsideration of OPM's decision, Ms. Webb appealed to the Merit Systems Protection Board.  An initial Board decision affirmed OPM's decision, and so did the final Board decision.  *Webb v. Office of Personnel Management*, No. DA-844E-16-0084-I-1, 2022 WL 1763200 (M.S.P.B. May 31, 2022) (*Final Order*).  Because Ms. Webb has not shown that her application was filed within the statutory deadline or that waiver of the one-year time limit is warranted, we affirm the Board decision.

I

Ms. Webb was employed as a security guard by the Department of the Army in a term appointment that expired on August 3, 2006.  On May 23, 2014, she applied for disability retirement under FERS.  OPM disallowed Ms. Webb's application on May 11, 2015, because the application was not timely filed.  She requested reconsideration of the OPM decision, which OPM denied on October 26, 2015, reciting the 2006 separation and 2014 application dates and explaining that 5 U.S.C. § 8453 requires an application for disability retirement under FERS to be filed with OPM "before the employee . . . is separated from the service or within one year thereafter."  Appx. 31.  OPM also noted the limited basis for excusing untimeliness: a finding that the employee, "at the date of separation from service or within one year thereafter, [was] mentally incompetent."  Appx. 31 (quoting 5 U.S.C § 8453).

On November 12, 2015, Ms. Webb appealed OPM's reconsideration decision to the Board, asserting that OPM erred because Ms. Webb was "dismissed from [her] job because of [a] medical condition." Appx. 28. In a telephonic conference before the Board, Ms. Webb "did not dispute the fact that her application for disability retirement was untimely filed and she did not claim that she was mentally incompetent during the relevant time period." Appx. 11–12. On October 18, 2016, the assigned administrative judge of the Board issued an initial decision affirming OPM's reconsideration decision because it was undisputed that Ms. Webb "untimely filed" her application, "the only exception to the one-year filing requirement is in the case where the employee is mentally incompetent," and Ms. Webb did not claim, or submit evidence supporting a claim, "that she was prevented during the one-year time limit by mental incompetence from timely filing her application." Appx. 12.

Ms. Webb petitioned for full Board review on October 25, 2016, challenging the initial decision on the ground that she "was laid off . . . because [she] was diagnosed with a medical condition" and is "disable[d]." Appx. 34. The Board denied Ms. Webb's petition for full Board review on May 31, 2022, affirming the initial decision. The Board explained that because it was "undisputed" that Ms. Webb applied for disability retirement outside the statutory one-year filing period, she needed to show that she was "mentally incompetent during the filing period" for the time limit to be waived and for her application to be considered. *Final Order* at ¶ 6. The Board determined that Ms. Webb's statement that she was "diagnosed with a medical condition" and is "disable[d]" was not equivalent to a claim that she was "mentally incompetent during the relevant filing period." *Id.* at ¶ 7. In the absence of any medical documentation indicating that Ms. Webb had been rendered "mentally incompetent" during the relevant period, the Board

found that OPM properly determined that Ms. Webb was not entitled to a time-limit waiver. *Id.* at ¶¶ 7–8.

Ms. Webb subsequently filed a petition with the Equal Employment Opportunity Commission (EEOC) on June 23, 2022, alleging that she was separated from federal service before her "term was . . . up" and requesting review of the Board's final decision. On July 11, 2022, EEOC denied consideration of Ms. Webb's appeal, as the Board "did not address any claims" within EEOC's jurisdiction, and so, EEOC did not have jurisdiction to review the decision. EEOC Decision No. 2022003728, 2022 WL 3153856, at *1 (July 11, 2022) (*EEOC Decision*); *see* 29 C.F.R. § 1614.302.

Ms. Webb appealed the Board's May 31 decision to this court on June 29, 2022, which was within the sixty days permitted by 5 U.S.C. § 7703(b)(1)(A). As explained below, we have jurisdiction over her appeal under 28 U.S.C. § 1295(a)(9).

## II

### A

As a threshold matter, we must address whether we have jurisdiction over Ms. Webb's appeal. In her Statement Concerning Discrimination, Ms. Webb indicated that "she argued before the Board that her adverse employment action was attributable to discrimination and that she wishes to continue to pursue her discrimination claims." Order to Show Cause at 1–2, Aug. 29, 2022, ECF No. 18 (summarizing Ms. Webb's Statement Concerning Discrimination); Statement Concerning Discrimination, July 21, 2022, ECF No. 8.

We lack jurisdiction to hear a "mixed case" from the Board—one involving certain discrimination claims as well as other claims—unless the petitioner drops the discrimination claims. *Harris v. Securities & Exchange Commission*, 972 F.3d 1307, 1318 (Fed. Cir. 2020); *see Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975, 1982,

1988 (2017) ("[I]n mixed cases . . ., the district court is the proper forum for judicial review."); 5 U.S.C. § 7703(b)(1)(B) (granting our court jurisdiction over "a final order or final decision of the Board that raises no challenge to the Board's disposition of allegations of a prohibited personnel practice" covered by, among other law, federal antidiscrimination law); 28 U.S.C. § 1295(a)(9). "A mixed case is one in which a federal employee (1) complains of having suffered a serious adverse personnel action appealable to the [Board] and (2) attributes the adverse action, in whole or in part, to bias prohibited by federal antidiscrimination laws." *Harris*, 972 F.3d at 1317.

On August 29, 2022, we stayed the briefing schedule in this case and directed the parties "to show cause whether this case should be dismissed or transferred" to a district court in light of limits on our jurisdiction to hear certain appeals from Board decisions. Order to Show Cause at 2, Aug. 29, 2022, ECF No. 18. Ms. Webb did not file a response to this order, and we lifted the stay on briefing on November 16, 2022. The government argues that this appeal is not a mixed case because Ms. Webb did not raise to the Board an allegation that, in disallowing her disability retirement application, OPM violated federal antidiscrimination laws. We agree.

A claim for disability retirement is not a discrimination claim. *See*, *e.g.*, *Dedrick v. Berry*, 573 F.3d 1278, 1280–81 (Fed. Cir. 2009). Although Ms. Webb claimed in some of her filings that her separation from federal service was due to a "medical condition," Appx. 28 (appeal of OPM's final decision to the Board); Appx. 34 (appeal for full Board review), or being "disable[d]," Appx. 34, neither of those claims allege that the OPM decision challenged before the Board—the decision disallowing Ms. Webb's disability application—was based, in any part, on discriminatory grounds. *See also Wallace v. Merit Systems Protection Board*, 728 F.2d 1456, 1459 (Fed. Cir. 1984) ("[W]e do not agree . . . that the mere pleading of discrimination totally

precludes the exercise of jurisdiction by this court."). At no point has Ms. Webb alleged that OPM's disallowance of her disability retirement application was a "serious adverse action prompted, in whole or in part, by . . . [a] violation of federal antidiscrimination laws." *See Perry*, 137 S. Ct. at 1988. This determination is consistent with EEOC's denial of consideration of Ms. Webb's appeal of the same Board decision because the Board did not address a discrimination claim (and so, challenges to the Board's decision were outside EEOC's jurisdiction). *EEOC Decision*, 2022 WL 3153856, at \*1. Ms. Webb's appeal challenging the Board decision affirming the disallowance of her disability retirement application, therefore, is not a mixed case, so we have jurisdiction over her appeal under 28 U.S.C. § 1295(a)(9). *See also McLaughlin v. Office of Personnel Management*, 353 F.3d 1363, 1365 (Fed. Cir. 2004) (reviewing a Board decision affirming OPM's denial of a request for waiver of the one-year time limit prescribed in 5 U.S.C. § 8453).

## B

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). While "our review authority . . . is constrained regarding determinations in connection with applications for disability retirement," "[w]hen the question is whether an applicant should be excused from normal filing deadlines due to mental incompetence, our ordinary review authority is not affected." *McLaughlin*, 353 F.3d at 1367.

It remains undisputed that Ms. Webb filed her application for disability retirement after the one-year statutory window set out in 5 U.S.C. § 8453. For Ms. Webb's application to be considered, therefore, this statutory time limitation would have to be waived. 5 U.S.C. § 8453. OPM may waive the one-year time limit, however, only if Ms. Webb

shows that "at the date of separation of service or within 1 year thereafter," she was "mentally incompetent." *Id.* At no point has Ms. Webb claimed, or put forward evidence supporting a claim, that she was mentally incompetent during the relevant filing period. Ms. Webb's claims that she was "diagnosed with a medical condition" and is "disable[d]," Appx. 28; Appx. 34; Ms. Webb's Br. at 3, are not equivalent to a claim that she was "mentally incompetent," 5 U.S.C. § 8453. *See McLaughlin*, 353 F.3d at 1367 ("[D]isability and mental incompetence for the purposes of waiving the one-year filing deadline examine different facts. A person mentally incompetent for purposes of the waiver may not be, ultimately, determined disabled. Moreover, disability under the statute does not require mental incompetence." (footnote omitted)); *Rapp v. Office of Personnel Management*, 483 F.3d 1339, 1341 (Fed. Cir. 2007) ("Notably, however, mental disability and mental incompetence are not the same thing."). The Board's decision, therefore, is not arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence.

## III

For the foregoing reasons, we affirm the decision of the Board.

The parties shall bear their own costs.

**AFFIRMED**