Affirmed by published opinion. Judge MOON wrote the opinion, in which Judge LUTTIG joined. Judge MOTZ wrote an opinion concurring in the judgment.
OPINION
MOON, District Judge:
The United States appeals from the district court’s denial of its motion for reconsideration of the district court’s decision to award attorney’s fees and costs to a criminal defendant under the Hyde Amendment, a federal statute that permits courts to award attorney’s fees and costs to individuals who were subjected to a vexatious prosecution. For the reasons that follow, we affirm the district court’s denial of the United States’ motion for reconsideration.
I.
A criminal investigation was launched in October 1993 against Richard Holland, Sr., and Richard Holland, Jr., the respective chief executive officer and president of Farmers Bank. On September 26, 1997, a grand jury issued a 31-count indictment, charging the Hollands with making various false entries in bank records, misapplying bank funds, making false statements, perjury, obstructing justice, and conspiracy. After a two week trial, the district court issued an order dated April 30, 1998, granting the Hollands’ motion for acquittal on all counts. The Hollands subsequently petitioned the district court for attorney’s fees and other costs pursuant to the Hyde Amendment of the Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act of 1998, Pub.L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (found as statutory note at 18 U.S.C. § 3006A).[1] On February 3, 1999, the district court found that the conduct of the FDIC and the U.S. Attorney’s Office had been vexatious and granted the Hollands’ motion for attorney’s fees and costs pursuant to the Hyde Amendment.
Twenty-nine days after the district court awarded attorney’s fees and costs to the Hollands, the government filed a “Motion for Reconsideration.” On May 18, 1999, the district court ruled on the motion for reconsideration and concluded that Hyde Amendment proceedings are civil rather *525 than criminal. Therefore, the district court concluded that any motions made pursuant to the Hyde Amendment should be treated as being filed in accordance with the Federal Rules of Civil Procedure. Although the United States did not designate under what rule it was filing its motion for reconsideration, the district court reasoned that the only motion for reconsideration that would not be time-barred under the Federal Rules of Civil Procedure would be one made pursuant to Rule 60(b). The court subsequently denied the Rule 60(b) motion for reconsideration because the United States did not present any new evidence or any other reason to reconsider the court’s judgment to assess attorney’s fees and costs.[2]
Twenty-nine days later, on June 16, 1999, the government filed a notice of appeal “from the decision of [the district court] on May 18,1999.” The government now argues that the February 3, 1999 award of attorney’s fees and costs was made under the wrong section of 28 U.S.C. § 2412 and that attorney’s fees and costs should not have been awarded because the government’s prosecution was not vexatious within the meaning of the Hyde Amendment.
II.
The issue in this ease is simply whether Hyde Amendment proceedings are civil or criminal in nature, and whether the Federal Rules of Civil or Criminal Procedure apply accordingly. The United States contends that the Hyde Amendment proceedings are criminal and that its appeal from the denial of the motion for reconsideration is therefore an appeal from the February 3, 1999 judgment. The United States argues that an appeal from the denial of a motion for reconsideration in the criminal context “necessarily raise[s] the underlying judgment for review.” United States v. Dickerson, 166 F.3d 667, 677 n. 10 (4th Cir.1999), cert, granted in part, — U.S. -, 120 S.Ct. 578, 145 L.Ed.2d 481 (1999).[3] The government does not contest that if the Hyde Amendment proceedings are instead civil in nature, then its appeal from the denial of the motion for reconsideration does not raise the underlying February 3, 1999 order for review on appeal.[4]
The question of whether Hyde Amendment proceedings are civil or criminal in nature for the purpose of applying rules of procedure is one of first impression in this court.[5] We agree with the district court that the Hyde Amendment proceedings are civil in nature and that the United States, therefore, has not appealed the district court’s February 3,1999 order.
We turn first to the language of the Hyde Amendment. Contrary to the contention of the United States, nothing in the statute denominates the proceedings in which fees are sought as either civil or criminal. We recognize that the Amend *526 ment does begin with a reference to the nature of the case that could give rise to an award of attorney’s fees: “the court, in any criminal case ... may award,” § 617, 111 Stat. at 2519 (emphasis added). However, the phrase “in any criminal ease” merely limits to “criminal cases” the cases in which attorney’s fees may be awarded under the Hyde Amendment. That is, the Amendment’s language simply empowers the court to award fees for services rendered in the defense of a criminal case. It does not address whether the ancillary Hyde Amendment proceeding in which the issue of fees is adjudicated is itself criminal or civil.
Although the statute does not characterize the nature of Hyde Amendment proceedings, we are confident that they are civil in nature. Ancillary motions in a criminal case are not necessarily criminal. See Lee v. Johnson, 799 F.2d 31, 36-38 (3rd Cir.1986) (separate action to quash grand jury subpoena considered civil action); United States v. Douglas, 55 F.3d 584 (11th Cir.1995) (property adjudication proceeding ancillary to criminal forfeiture prosecution determined to be a civil action); United States v. Chan, 22 F.Supp.2d 1123, 1127 (D.Haw.1998) (third party motion for attorney’s fees characterized as a civil action). Instead, a proceeding that is basically civil should be considered a civil action even if it stems from a prior criminal prosecution. See United States v. Lavin, 942 F.2d 177, 181-82 (3rd Cir.1991). A proceeding is basically civil if it redresses private injuries; a criminal proceeding, by contrast, establishes guilt and punishes offenders. See Black’s Law Dictionary 374 (6th ed.1990); see also Lavin, 942 F.2d at 181 (criminal cases are prosecutions by the government to secure convictions for criminal conduct; civil cases are everything else). Hyde Amendment proceedings redress private injuries — the costs accrued by an individual defending against a vexatious prosecution — and do not establish guilt or punish offenders.[6]
The law of contempt provides a good analogy. In determining whether contempt is a civil or criminal proceeding, the Supreme Court instructs that courts ask “what does the court primarily seek to accomplish by imposing sentence?” Shilli-tani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). If the purpose of contempt is to coerce compliance, the penalty is civil; if the purpose of contempt is to punish for past disobedience, the penalty is criminal. Douglass v. First Nat’l Realty Corp., 543 F.2d 894, 898 (D.C.Cir.1976). The test applies regardless of whether the underlying court proceedings are civil or criminal. See Shilli-tani, 384 U.S. at 368, 86 S.Ct. 1531 (civil contempt penalty imposed when underlying proceeding was criminal); Douglass, 543 F.2d at 898 (criminal contempt fíne imposed when underlying proceeding was civil).
Because the Hollands sought restitution — not criminal sanctions — for then-prosecution, the ancillary motions concerning the award of attorney’s fees are most properly characterized as motions pursuant to a civil action against the United States. The statute itself confirms that the award of attorney’s fees and costs is remedial in nature because those individuals who did not incur attorney’s fees cannot be awarded those fees. See § 617, 111 Stat. at 2519 (“[T]he court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) ... may award [fees] ...” (emphasis added).). Therefore, the focus of the statute is on compensating those individuals who are vexatiously prosecuted and who subsequently incur attorney’s fees, not on forcing the government to pay fees as a form of punishment.
*527 In these respects, a Hyde Amendment proceeding for attorney’s fees is analogous to a motion for return of property made pursuant to Federal Rule of Criminal Procedure 41(e), which is “a civil action against the United States,” “at least where no criminal proceedings are pending.” United, States v. Garcia, 65 F.3d 17,19 n. 2 (4th Cir.1995) (citing Hunt v. Department of Justice, 2 F.3d 96, 97 (5th Cir.1993) (“Rule 41(e) motions represent a means by which a criminal defendant can determine her rights in property, and not a part of the trial and punishment process that is criminal law.”)). As in a Rule 41(e) motion, a Hyde Amendment proceeding is a means by which a criminal defendant can seek redress, and is not a part of the trial and punishment process that is traditionally the subject of criminal law.
Not only are we confident that Hyde Amendment proceedings are of a civil nature, but our conclusion that the Rules of Civil Procedure should apply is supported by the fact that the Hyde Amendment provides that “awards shall be granted pursuant to the procedures and limitations ... provided for an award under section 2412 [of the Equal Access to Justice Act].” The procedures in the Equal Access to Justice Act are, in turn, governed by the Federal Rules of Civil Procedure. It is, therefore, likely that Congress intended that the Hyde Amendment also be governed by the Federal Rules of Civil Procedure. Thus, the United States’ motion for reconsideration was filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. As the timely appeal from the denial of the Rule 60(b) motion did not bring up the underlying judgment for review, the motion for reconsideration is the only appeal properly before this Court.
When a motion for reconsideration is appealed, the standard of review is abuse of discretion. See Browder v. Department of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Thus, we cannot consider the merits of whether the district court awarded attorney’s fees pursuant to the incorrect section of 28 U.S.C. § 2412 or whether the United States’ position in the criminal case was “vexatious” within the meaning of the Hyde Amendment. The United States does not assert that the district court abused its discretion in denying the motion for reconsideration. Therefore, the district court’s denial of the motion is affirmed.

AFFIRMED

. In pertinent part, the Hyde Amendment states that:
... the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of tire United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

. The district court did grant the motion for reconsideration in part, but that part is not relevant to this appeal.

. Because we conclude that the Hyde Amendment proceedings are civil in nature, we do not address the question whether, in the criminal context, an appeal from a motion for reconsideration always raises the underlying order for appellate review.

. Rule 60(b) of the Federal Rules of Civil Procedure merely provides for the filing of a motion for reconsideration. It does not toll the running of time for filing an appeal. Stone v. INS, 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Instead, the denial of a Rule 60(b) motion is appealable as a separate final order. Id. Because a Rule 60(b) motion for reconsideration and the original order are considered separate final orders, the appeal of one does not incorporate the other by default. Browder v. Department of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

. Two other Court of Appeals have addressed this issue. See United States v. Robbins, 179 F.3d 1268, 1270 (10th Cir.1999) (holding, without explanation, that the Federal Rules of Criminal Procedure apply to Hyde Amendment proceedings); United States v. Truesdale, 211 F.3d 898 (5th Cir.2000) (holding that an appeal from the denial of fees under the Hyde Amendment is subject to the appeal period applicable in civil cases).

. In fact, in a Hyde Amendment proceeding, the defendant has the burden of proof to establish that the prosecution was vexatious in order to obtain reimbursement for attorney's fees. This is contrasted with the traditional criminal trial burden on the government to establish the defendant's guilt beyond a reasonable doubt.