UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

DAVID BOLES; CONNIE CHRISTOPHER;
CHRIS DICKINSON,
<u>Claimants-Appellants,</u>

No. 00-1878

and

ONE 47MM CANON & 67 OTHER
FIREARMS IDENTIFIEDIN ATTACHMENT
"A",AND 37,742 ROUNDSAND
PIECESOF AMMUNITIONIN 47 LOTS
IDENTIFIEDIN ATTACHMENT "B",
<u>Defendant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-99-1874-A)

Submitted: December 20, 2000

Decided: January 10, 2001

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Richard E. Gardiner, Fairfax, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Gordon D. Kromberg, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

David Boles appeals the civil in rem forfeiture of firearms and ammunition seized at his residence and his mother's residence. Boles pled guilty to 18 U.S.C.A. § 922(g) for possession of a firearm after conviction of a felony. The Government sought forfeiture of the firearms and ammunition and the district court granted the Government's motion for summary judgment. The district court then denied Appellants' motion for reconsideration. We review the grant of a motion for summary judgment de novo, Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988), viewing the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). We review the denial of a motion for reconsideration for abuse of discretion. Collison v. International Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994); United States v. Holland, 214 F.3d 523, 527 (4th Cir. 2000).

Appellants raise four issues on appeal: (1) whether Boles was estopped from claiming that forfeited firearms were involved in a violation of 18 U.S.C.A. § 922(g)(1) by virtue of his guilty plea to that offense; (2) whether Boles' guilty plea may be admitted into evidence in the forfeiture proceeding; (3) whether § 922(g) is constitutional under the Commerce Clause; and (4) whether the forfeiture violated the Excessive Fines Clause.

2

We find Appellants' argument that they are not parties to be unpersuasive. Furthermore, we find under our holding in <u>United States v. Ahmad</u>, 213 F.3d 805, 811 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 2000 WL 1618347 (U.S. Nov. 27, 2000) (No. 00-639), that Boles' guilty plea is admissible in the civil forfeiture proceeding and Boles is estopped from relitigating the facts underlying his conviction. We agree with our sister circuits that § 922(g) does not offend the Commerce Clause because it requires a particularized finding of a link to interstate commerce. <u>See, e.g.</u>, <u>United States v. Napier</u>, ___ F.3d ___, 2000 WL 1734924, *6-*7 (6th Cir. Nov. 21, 2000) (No. 00-5290); <u>United States v. Jones</u>, 231 F.3d 508, 515 (9th Cir. 2000); <u>United States v. Wesela</u>, 223 F.3d 656, 659 (7th Cir. 2000). Finally, we find the forfeiture of firearms that Boles is not legally permitted to possess to be remedial in nature, <u>see United States v. One Assortment of 89 Firearms</u>, 465 U.S. 354, 364 (1984), and that the amount of the forfeiture is not grossly disproportional to the gravity of the defendant's offense; therefore, the forfeiture does not offend the Excessive Fines Clause. <u>See United States v. Bajakajian</u>, 524 U.S. 321, 333 (1998). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court.

It does not appear that Appellants advanced new facts or legal theories in their motion for reconsideration. We therefore conclude that the district court did not abuse its discretion in denying the motion for reconsideration and we affirm based on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3

3