**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6684

MARVIN HOOKER, JR.,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. W. Earl Britt, Senior
District Judge. (7:02-cv-00213-BR)

Submitted: August 31, 2006          Decided: September 19, 2006

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marvin Hooker, Jr., Appellant Pro Se. Stephen Aubrey West,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marvin Hooker, Jr. appeals the district court's orders denying his Fed. R. Civ. P. 59(e) motion to alter or amend the Fed. R. Civ. P. 60(b) motion to reopen his civil forfeiture case. Finding no reversible error, we affirm.

We review the denial of motions for reconsideration for abuse of discretion. See United States v. Holland, 214 F.3d 523, 527 (4th Cir. 2000) (describing standard of review for Rule 60(b)); Brown v. French, 147 F.3d 307, 310 (4th Cir. 1998) (describing standard of review for Rule 59(e)). A district court abuses its discretion when the court fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Because Hooker's Rule 60(b) and Rule 59(e) motions merely reasserted allegations previously raised, we find that the district court did not abuse its discretion in denying the motions. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (recognizing three grounds for amending an earlier judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice); United States v. Williams, 674 F.2d 310, 312-13 (4th Cir. 1982) (noting when motion is nothing more

than a request that district court change its mind, it is not authorized by Rule 60(b)).

Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>