**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-2156**

───────────

ALGERNON W. TINSLEY,

              Plaintiff - Appellant,

        v.

MICHAEL  J.  ASTRUE,  Commissioner,  Social  Security
Administration,

              Defendant - Appellee.

───────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.   Robert C. Chambers,
District Judge.  (3:09-cv-00600)

───────────

Submitted:  October 12, 2012       Decided:  December 27, 2012

───────────

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael  L.  Boylan,  Louisville,  Kentucky,  for  Appellant.   R.
Booth  Goodwin  II,  United  States  Attorney,  J.  Christopher
Krivonyak,  Assistant  United  States  Attorney,  OFFICE  OF  THE
UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Algernon W. Tinsley ("Tinsley") appeals the district court's grant of summary judgment to Michael J. Astrue, Commissioner of the Social Security Administration, on several claims arising from Tinsley's suspension from his employment. For the reasons set forth below, we affirm the judgment of the district court.

## I.

Tinsley, an African-American, was employed as an Administrative Law Judge ("ALJ") by the Social Security Administration, Office of Disability Adjudication and Review ("the SSA"), in Huntington, West Virginia. In March 2008, Tinsley received a thirty-day suspension from his employment for making false entries on the SSA's Serial Time and Attendance Rosters ("time sheets") on four separate occasions. Tinsley, who was sixty-nine years old at the time, challenged the suspension before the Merit Systems Protection Board ("MSPB") alleging that he was treated in a disparate manner because of his race and age. He also raised an affirmative defense under the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b)(8) ("Whistleblower Protection Act"), alleging that he was retaliated against for making certain disclosures to the Office of the Inspector General against the SSA.

2

On August 26, 2008, an administrative hearing was held before MSPB ALJ William N. Cates ("ALJ Cates"). On October 21, 2008, after considering the hearing testimony and the parties' arguments,[1] ALJ Cates upheld Tinsley's suspension for good cause. In his decision, ALJ Cates found that Tinsley had "failed to establish that he was treated differently based on age or race." (J.A. 267.) ALJ Cates further found that "[t]here simply [was] no evidence to support Judge Tinsley's claim of [discrimination] based on protections afforded by the Whistleblower Protection Act." (J.A. 268.)

After exhausting his administrative remedies, Tinsley filed a complaint in the Southern District of West Virginia alleging employment discrimination based upon race and age pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and an adverse employment action under the Whistleblower Protection Act. The SSA moved for summary judgment on Tinsley's race and age discrimination claims, which the district court granted.

The parties filed cross-motions for summary judgment on Tinsley's whistleblower claim. Tinsley also filed a motion

---

[1] At the hearing, the SSA called three witnesses, all of whose testimony was uncontested. Tinsley called no witnesses and did not testify, asserting his Fifth Amendment right against self-incrimination.

under Federal Rule of Civil Procedure 59(e) to amend, alter, or vacate the final judgment on his race and age discrimination claims. The district court granted summary judgment to the SSA on Tinsley's whistleblower claim. The district court also denied Tinsley's Rule 59(e) motion, finding there was "absolutely no reason why it should amend, vacate, or alter its previous judgment." (J.A. 1993.)

Tinsley timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

## II.

### A.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. See Nat'l City Bank of Ind. v. Turnbaugh, 463 F.3d 325, 329 (4th Cir. 2006). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In reviewing the district court's grant of summary judgment to the SSA on Tinsley's whistleblower claim, the Court relies upon the standard of review set forth in 5 U.S.C. § 7703(c), which provides:

4

In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c).[2]

The district court's denial of Tinsley's Rule 59(e) motion is reviewed under an abuse-of-discretion standard. United States v. Holland, 214 F.3d 523, 527 (4th Cir. 2000).

B.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."

---

[2] "A federal employee who asserts both discrimination in violation of Title VII and an 'adverse employment action' asserts a 'mixed case.'" Pueschel v. Peters, 577 F.3d 558, 563 (4th Cir. 2009). A plaintiff in a "mixed case" may appeal an MSPB decision to either the United States Court of Appeals for the Federal Circuit or the appropriate federal district court, as Tinsley did here. See 5 U.S.C. § 7703(b). In a "mixed case" such as this, when discrimination claims are disposed of before non-discrimination claims, the district court may exercise its discretion in retaining jurisdiction over the non-discrimination claims instead of transferring the claims to the Federal Circuit under 28 U.S.C. § 1631. Afifi v. U.S. Dep't of the Interior, 924 F.2d 61, 64 (4th Cir. 1991).

42 U.S.C. § 2000e-2(a)(1).  The Age Discrimination in Employment Act ("ADEA") similarly forbids "an employer . . . to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).

Where, as here, there is no direct evidence of discrimination, "a plaintiff may proceed under the McDonnell Douglas pretext framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination."  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005) (internal quotation marks and brackets omitted); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04, 807 (1973).  The ultimate burden of persuasion remains with the plaintiff at all times.  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

III.

Tinsley raises three issues on appeal: (1) whether the district court erred in granting summary judgment to the SSA on his race and age discrimination claims; (2) whether the district court erred in granting summary judgment to the SSA and denying summary judgment to Tinsley on his whistleblower claim; and (3)

6

whether the district court abused its discretion in denying his Rule 59(e) motion to alter, amend, or vacate the judgment as to his race and age discrimination claims.

We conclude that the district court properly granted summary judgment to the SSA on Tinsley's race and age discrimination claims. Tinsley has failed to demonstrate a prima facie case of discriminatory discipline based on his thirty-day suspension. See Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993) (stating elements of prima facie case of discriminatory discipline). Tinsley cannot show that any comparable employee was treated differently based on race. Nor can he show that anyone outside the protected age class was treated differently.

Turning to Tinsley's whistleblower claim, we conclude that the district court properly granted summary judgment to the SSA and denied summary judgment to Tinsley. Tinsley has presented no evidence to support his claim of discrimination based on protections afforded by the Whistleblower Protection Act. Tinsley waived his right to testify about his whistleblower affirmative defense when he asserted his Fifth Amendment privilege at his MSPB deposition and the administrative hearing. At the hearing, Tinsley presented no witnesses on his behalf, and his counsel made no mention of the whistleblower claim during closing argument. Given the

7

evidence, the district court properly found that ALJ Cates's denial of Tinsley's whistleblower claim was not in violation of 5 U.S.C. § 7703(c).

Finally, we conclude that the district court did not abuse its discretion in denying Tinsley's motion to alter, amend, or vacate the judgment as to his race and age discrimination claims under Rule 59(e).  See Holland, 214 F.3d at 527 (providing standard of review).

IV.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED