**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1512**

_____

SCHNADER HARRISON SEGAL & LEWIS LLP,

        Plaintiff – Appellee,

   and

ACADIA INVESTMENTS L.C.,

        Party-in-Interest,

     v.

LOREN W. HERSHEY,

        Defendant - Appellant.

_____

**No. 13-2147**

_____

SCHNADER HARRISON SEGAL & LEWIS LLP,

        Plaintiff – Appellee,

   and

ACADIA INVESTMENTS L.C.,

        Party-in-Interest,

     v.

LOREN W. HERSHEY,

        Defendant – Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:12-cv-00928-AJT-IDD)

---

Submitted: June 2, 2014                    Decided: June 20, 2014

---

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Loren W. Hershey, Appellant Pro Se. Jonathan Michael Stern, SCHNADER, HARRISON, SEGAL & LEWIS, LLP, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Schnader, Harrison, Segal, & Lewis, LLP filed a complaint against Loren W. Hershey, a former client of the law firm, for breach of contract for failure to pay legal fees for services rendered to Hershey. Hershey counterclaimed, alleging claims for (1) breach of fiduciary duty; (2) fraudulent inducement to enter into the contract; (3) tortious interference with contract; (4) intentional infliction of emotional distress; (5) conspiracy to injure business interests and trade secrets; and (6) attempted conspiracy. The district court entered summary judgment in favor of Schnader on its claim for breach of contract and on all of Hershey's counterclaims. The court subsequently denied Hershey's Fed. R. Civ. P. 60(b)(2) motion, and granted Schnader's motions for sanctions against Hershey pursuant to Fed. R. Civ. P. 11. Hershey now appeals.

On appeal, Hershey challenges the district court's orders granting summary judgment and denying reconsideration. We review de novo a district court's order granting summary judgment. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment should be granted "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]here is no issue for trial unless there is sufficient evidence favoring the

3

nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment" is proper. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

In addition, we review a district court's order denying a Rule 60(b) motion for abuse of discretion. See United States v. Holland, 214 F.3d 523, 527 (4th Cir. 2000). Under Rule 60(b)(2), a district court may relieve a party from a final judgment due to newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59(b).

We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in granting summary judgment for Schnader and denying Hershey's motion for reconsideration.

On appeal, Hershey also challenges the district court's order granting Schnader's motion for Rule 11 sanctions. "We review the decision to award sanctions for abuse of discretion." Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 443 (4th Cir. 2011) (citation omitted). However, Hershey has failed in his appellate brief to develop an argument challenging the court's order. We therefore conclude that Hershey has forfeited appellate review of that order. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7

4

(4th Cir. 2006) (finding conclusory single sentence in brief "insufficient to raise on appeal any merits-based challenge to the district court's ruling").

Accordingly, we affirm the district court's orders. We also deny Hershey's motion to place the appeal in abeyance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED