**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-2123**

─────────

INTERNATIONAL FEDERATION OF PROFESSIONAL & TECHNICAL
ENGINEERS; TIMOTHY PERSONS; DENNIS ROTH; NINA SERAFINO;
NANCY KINGSBURY,

        Plaintiffs – Appellees,

    v.

KAREN L. HAAS, Clerk, United States House of
Representatives,

        Defendant – Appellant,

    and

UNITED STATES OF AMERICA; NANCY ERICKSON, Secretary, United
States Senate; TERRANCE W. GAINER, Sergeant at Arms, United
States Senate,

        Defendants.

─────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Alexander Williams, Jr., District
Judge. (8:12-cv-03448-AW)

─────────

Argued: October 29, 2014        Decided: December 24, 2014

─────────

Before TRAXLER, Chief Judge, and WILKINSON and DUNCAN, Circuit
Judges.

─────────

Affirmed by unpublished opinion. Judge Duncan wrote the
opinion, in which Chief Judge Traxler and Judge Wilkinson
joined.

**ARGUED:** William Bullock Pittard, IV, UNITED STATES HOUSE OF REPRESENTATIVES, Washington, D.C., for Appellant.   Arthur B. Spitzer, AMERICAN CIVIL LIBERTIES UNION, Washington, D.C., for Appellees.   **ON BRIEF:** Kerry W. Kircher, General Counsel, Christine Davenport, Sr. Assistant Counsel, Todd B. Tatelman, Assistant Counsel, Mary Beth Walker, Assistant Counsel, Eleni M. Roumel, Assistant Counsel, Thomas M. Sundlof, Staff Attorney, Office of General Counsel, UNITED STATES HOUSE OF REPRESENTATIVES, Washington, D.C., for Appellant.   Jack McKay, Kristen E. Baker, Benjamin J. Cote, PILLSBURY WINTHROP SHAW PITTMAN LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Defendant-Appellant Karen L. Haas, Clerk of the U.S. House of Representatives (the "Clerk"), appeals the district court's order denying her motion to vacate the portions of the court's memorandum opinion ruling that sovereign immunity did not bar Plaintiffs-Appellees' claims against her. The Clerk argues that the district court abused its discretion by finding that the public interest favored denying her motion, and by denying her motion on that basis. For the reasons that follow, we affirm.

I.

The Stop Trading on Congressional Knowledge Act of 2012 (STOCK Act) became law in April 2012. The Act directed the Clerk to publish online the financial disclosure forms of various legislative branch employees. In November 2012, Plaintiffs-Appellees--several legislative employees obligated to make financial disclosures and a union representing such employees (collectively, the "Employees")--sued the Clerk in her official capacity.[1] The Employees argued that the STOCK Act required the Clerk to violate their constitutional right to

---

[1] The Employees also named as defendants the United States of America, the Secretary of the Senate, and the Senate Sergeant at Arms. None of these Defendants is a party to this appeal.

3

privacy; they sought, among other forms of relief, an order enjoining the Clerk from publishing their disclosure forms.

In February 2013, the Clerk moved to dismiss the Employees' claims against her. She argued that she enjoyed sovereign immunity from those claims and that venue did not lie in the District of Maryland. On March 20, 2013, the district court entered an order granting in part the Clerk's motion and dismissing without prejudice the Employees' claims against her. The district court explained in a memorandum opinion accompanying its order that sovereign immunity did not shield the Clerk from an action seeking to enjoin her from implementing an allegedly unconstitutional statute. Nonetheless, it dismissed those claims without prejudice because "venue [was] not proper." J.A. 210. The Clerk then had 60 days, or until May 20, 2013, to file a timely notice of appeal. See Fed. R. App. P. 4(a)(1)(B), 26(a)(1)(C).

On April 15, 2013--after the district court dismissed the Employees' claims but before the appeal window closed--Congress mooted the Employees' claims by striking the relevant provisions from the STOCK Act. Roughly a month later, the Clerk moved the district court under Federal Rule of Civil Procedure 60(b)(6) to "vacate [its opinion] insofar as [the opinion] discusses the application of sovereign immunity to defendants other than the

4

United States."  J.A. 321.  The district court denied that motion, and the Clerk timely appealed.[2]

## II.

We review "the district court's ruling on a [Rule] 60(b) motion for abuse of discretion."  Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).  "A district court abuses its discretion by resting its decision on a clearly erroneous finding of a material fact, or by misapprehending the law with respect to underlying issues in litigation."  In re Naranjo, 768 F.3d 332, 347 (4th Cir. 2014) (quoting Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 112 (4th Cir. 2013)) (internal quotation marks omitted).

## III.

The Clerk argues that the district court abused its discretion by "applying the wrong vacatur factors, . . . affording them inappropriate weight," and "reaching an

---

[2] We have appellate jurisdiction under 28 U.S.C. § 1291. See United States v. Holland, 214 F.3d 523, 525 n.4 (4th Cir. 2000) ("[T]he denial of a Rule 60(b) motion is appealable as a separate final order.").  Our review is limited to the denial of the Rule 60(b)(6) motion; "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (quoting Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 263 n.7 (1978)) (internal quotation marks omitted).

5

objectively unreasonable conclusion as to the 'public interest.'" Appellant's Br. at 11. The Employees respond that the district court considered the proper factors and its "well-reasoned opinion denying [the Clerk]'s motion deserves this Court's deference." Appellees' Br. at 39.[3]

We address the Clerk's arguments in three steps. We begin by summarizing the relevant law, then recount the district court's analysis, and finally explain why the district court did not abuse its discretion in denying the Clerk's motion.

A.

Rule 60(b) authorizes a court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding," Fed. R. Civ. P. 60(b), for five enumerated reasons or "any other reason that justifies relief," id. at 60(b)(6). The catchall provision "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" Liljeberg v. Health Servs. Acquisition Corp., 486

_____

[3] The Employees also argue that the Clerk's Rule 60(b)(6) motion was improper because it asked the district court to "'vacate' only the statements in the opinion that displeased [the Clerk]." Appellees' Br. at 21. We do not address this argument because we affirm the district court's denial of that motion on other grounds.

U.S. 847, 863–64 (1988) (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)).

In Valero Terrestrial Corp. v. Paige, 211 F.3d 112 (4th Cir. 2000), we set forth a two-step process that is "largely determinative of a district court's decision whether to vacate its own judgment due to mootness under . . . Rule 60(b)(6)." Id. at 118. First, the district court must determine whether the party seeking relief "caused the mootness by voluntary action." Id. at 117 (quoting U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 24 (1994) (discussing appellate vacatur of appellate decisions)) (internal quotation mark omitted). A movant who caused her case to become moot is at fault for that mootness and therefore entitled to vacatur only in exceptional circumstances. See id. at 118.

Second, if the movant is not at fault for the mootness, the district court must consider whether vacatur would be in the public interest. See id. ("[When] appellate review of the adverse ruling was prevented by 'the vagaries of circumstance' or the 'unilateral action of the party who prevailed below,' . . . vacatur remains available, subject, as always, to considerations of the public interest." (quoting Bancorp, 513 U.S. at 25)). We explained in Valero that "there is a substantial public interest in judicial judgments," id., because those judgments are "not merely the property of private

litigant" but rather "valuable to the legal community as a whole." Id. (quoting Bancorp, 513 U.S. at 26). Applying this principle to the facts then before us, "we s[aw] the public interest as no bar to vacatur" because the district court's judgment declaring invalid several provisions of the West Virginia Code addressed "statutory provisions that . . . either no longer exist[ed] or ha[d] been substantially revised." Id. Thus, Valero establishes that the public's interest in judicial judgments is diminished where the district court's holding is unlikely to have prospective application.

B.

The district court adopted our "analytical framework from Valero." J.A. 359. It considered "whether 'the twin considerations of fault and public interest' favor[ed] granting the Clerk's Motion to Vacate, or alternatively whether 'exceptional circumstances' exist[ed] such that vacatur [was] justified." J.A. 361 (quoting Valero, 211 F.3d at 118, 121).

The district court first found that the "Clerk did not cause [the] controversy to become moot." J.A. 361. It explained that the case became moot "due to the actions of Congress and the President," whose behavior is not attributable to the Clerk because she "is responsible for administrative functions within the Legislative Branch and has no

8

constitutional role in the enactment of legislation." J.A. 361 n.5.

Turning to the public interest, the district court found that, on balance, this interest favored denying the Clerk's motion. It quoted Valero for the proposition that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." J.A. 362 (quoting Valero, 211 F.3d at 118) (internal quotation marks omitted). The district court then found that the public's interest in maintaining access to the court's sovereign immunity ruling, which addressed "a broader question of law" than the holding at issue in Valero, outweighed the Clerk's "interest in vacating adverse legal precedent." J.A. 362. Finally, after concluding that no exceptional circumstances justified vacatur, the court denied the Clerk's motion. Id.

### C.

Upon consideration of the Clerk's arguments and the record before us, we conclude that the district court did not abuse its discretion in denying the Clerk's motion to vacate. Rather, the district court faithfully applied our holding in Valero to the facts before it.

Valero teaches that, where the movant is not at fault for the mootness, the district court must consider whether the public interest operates as a "bar to vacatur." 211 F.3d at

9

The district court was therefore right--indeed, compelled--to consider this factor. But cf. Appellant's Br. at 10 ("Where a party seeks vacatur of a moot district court decision, vacatur is required so long as the requesting party did not cause the mootness.").[4] And the district court's public interest finding is neither inconsistent with Valero nor clearly erroneous. The trial court correctly noted that, unlike the holding at issue in Valero, its ruling addressed a "broad[] question of law that has value to the legal community as a whole." J.A. 362. In Valero, the district court's judgment addressed statutory provisions that no longer existed; here, by contrast, the district court's sovereign immunity ruling could be implicated whenever a plaintiff seeks to enjoin a legislative branch official from implementing an allegedly unconstitutional law. Finally, the district court's finding that the public's interest in the court's ruling outweighed the "Clerk's interest in vacating

---

[4] The Clerk cites Supreme Court and Fourth Circuit cases that have "dispense[d] entirely with consideration of the so-called 'public interest' factor in the vacatur-for-mootness context." See Appellant's Br. at 14–16. These cases are all inapposite because none discusses a district court's authority to vacate for mootness. Cf. Valero, 211 F.3d at 117 ("The appellate vacatur power derives from 28 U.S.C. § 2106, whereas the district court power derives from Federal Rule of Civil Procedure 60(b)."). Moreover, the fact that appellate courts have vacated for mootness without explicitly considering the public interest does not establish that a district court abuses its discretion by considering that interest--particularly where we have directed district courts to account for it.

adverse legal precedent," J.A. 362, does not leave us with "the definite and firm conviction that a mistake has been committed." United States v. Perez, 752 F.3d 398, 407 (4th Cir. 2014) (quoting United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012)) (internal quotation mark omitted).  The public has a "substantial" interest in the district court's judgment, Valero, 211 F.3d at 118, but the Clerk suffers little prejudice from the continuing existence of non-binding precedent that, in her view, is adverse to her interests.

At bottom, Rule 60(b)(6) vacatur is an "equitable remedy," Valero, 211 F.3d at 120, that a district court "may" employ on "just terms,"  Fed. R. Civ. P. 60(b).  Cf. Henness v. Bagley, 766 F.3d 550, 554 (6th Cir. 2014) ("[T]he district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved."); Khodara Envtl., Inc. ex rel. Eagle Envtl. L.P. v. Beckman, 237 F.3d 186, 194 (3d Cir. 2001) ("[V]acatur is an equitable remedy rather than an automatic right.").  The district court did not abuse its discretion by declining to grant equitable relief that, under its findings, was contrary to the public interest.

11

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.