**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1091

DENISE M. BARNETTE,

        Plaintiff - Appellant,

     v.

WELLS FARGO BANK, N.A.,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, District Judge.  (3:20-cv-00988)

Submitted:  January 13, 2023                    Decided:  April 13, 2023

Before DIAZ, THACKER, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Henry W. McLaughlin, III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C., Richmond, Virginia, for Appellant. Allison A. Melton, Jason E. Manning, TROUTMAN PEPPER HAMILTON SANDERS LLP, Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denise Barnette appeals the district court's order denying her motion for reconsideration of the court's order granting in part her motion for leave to refile her case in state court.

After filing multiple lawsuits against Wells Fargo and other defendants arising from the foreclosure of her house, Barnette moved to voluntarily dismiss her case pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. The district court granted her motion, but "due to the history of the case," the court ordered her to seek the court's leave before refiling the action. J.A. 292. Subsequently, through counsel, Barnette moved to reopen the case in state court, or alternatively in federal court, and file what would be her fifth complaint in these proceedings. J.A. 293. The district court denied the motion to refile in federal court but granted the motion to file in state court on the condition that Barnette's new complaint would assert only claims that were not "previously adjudicated [in federal court] or any state court and not precluded by the statute of limitations." J.A. 535. Barnette moved for reconsideration requesting the district court to remove this condition. After the court denied that motion, she timely appealed.

On appeal, Barnette raised the following issues: (1) Whether the District Court erred in conditioning the District Court's grant of leave for Denise Barnette to file a new state court complaint on the condition that any such complaint not being barred by the statute of limitations, inasmuch as the District Court's order stated that the court would not decide whether or not such new complaint would be time-barred; and (2) Whether the District Court erred in limiting leave for Denise Barnette to re-file a complaint on any such

2

complaint not alleging "a basis for relief not previously adjudicated by this Court or any state court" inasmuch as such part of such order might preclude Denise Barnette from preserving a right of appeal of appellate review of final adjudication with prejudice against her. Op. Br. 3. But for relief, Barnette asks us to hold that "her counsel would not be in danger of being found in breach of [a] federal court order if the state court" determines that "her claim . . . has already been ruled on by either the state court [or] the District Court by any decision in favor of one or more defenses of Wells Fargo." Op. Br. 18–19.

Ordinarily, we review a district court's denial of a motion for reconsideration for abuse of discretion. *United States v. Holland*, 214 F.3d 523, 527 (4th Cir. 2000). However, because of the relief sought in this appeal, we must first consider whether we have jurisdiction.

Based on Article III's case and controversy language, we only have jurisdiction of matters that are "justiciable." *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013). A claim is unripe "'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* at 270 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Here, even accepting that the district court erred in purporting to place conditions on Barnette's ability to file in state court, Barnette asks us to rule on whether a state court decision—dismissing her proposed complaint on grounds that her claims are barred by principles of res judicata or the applicable statute of limitations would subject her to sanctions for violating the district court's order. That dismissal has not occured and may not occur. And whether the yet to occur state court decision dismissing her proposed

3

complaint on either of those grounds would subject her to sanctions matters only if Wells Fargo or the district court sua sponte seeks to enforce the order and Barnette is ultimately sanctioned. Those events likewise have not occurred and may never occur. As such, Barnette asks us to grant relief on issues that are not ripe. We have no jurisdiction to do that. Accordingly, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*