In the

# United States Court of Appeals
## for the Seventh Circuit

---

No. 23-1497

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TAIWO ONAMUTI,

*Defendant-Appellant*

---

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cr-00093-JRS-MJD-01 — **James R. Sweeney II**, *Judge.*

---

SUBMITTED MAY 2, 2024[*] — DECIDED JUNE 10, 2024

---

Before SYKES, *Chief Judge*, and ROVNER and KOLAR, *Circuit Judges*.

PER CURIAM. Taiwo Onamuti appeals the denial of his motion for attorney's fees under the Hyde Amendment, which

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

permits a criminal defendant to recoup fees paid in defending against a frivolous, vexatious, or bad-faith charge. *See* Pub. L. No. 105-119, Title VI, § 617, 111 Stat. 2440, 2519 (1997) (*reprinted in* 18 U.S.C. § 3006A, historical and statutory notes).[1] The district judge denied the motion on procedural grounds, but we affirm on the alternate ground that Onamuti did not show that the government's position was frivolous, vexatious, or in bad faith. We also address a threshold question about the applicable time limit to appeal a Hyde Amendment order. Joining the majority view in a lopsided circuit split, we hold that the civil deadline applies because a motion for attorney's fees under the Hyde Amendment is a civil matter ancillary to the criminal case.

## I.  Background

In 2017 Onamuti was charged in a superseding indictment with 23 crimes related to his involvement in an elaborate tax-fraud scheme. From at least 2014 until his arrest in 2016, he and his coconspirators used stolen personal identifying information to obtain millions of dollars in illegitimate tax refunds from the United States Treasury. He eventually pleaded guilty to one count each of identity theft, 18 U.S.C. § 1028(a)(7), aggravated identity theft, *id.* § 1028A, and presenting false claims for tax refunds, *id.* § 287. After several changes in defense counsel and an unsuccessful motion to withdraw the guilty plea, Onamuti's case proceeded to

---

[1] The Hyde Amendment that we discuss here bears no relation to another amendment of the same name, which prohibits certain federal funds to be expended for abortion or to provide health benefits coverage that includes abortion. *See, e.g.*, Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, div. D, tit. V, §§ 506–07, 138 Stat. 460, 703; *see also Harris v. McRae*, 448 U.S. 297 (1980).

sentencing. The district judge imposed a total sentence of 204 months in prison, which included a mandatory consecutive 24-month term for the aggravated identity theft under § 1028A.

Onamuti later moved to vacate his convictions under 28 U.S.C. § 2255, arguing in part that § 1028A did not criminalize the conduct to which he pleaded guilty because it requires an enumerated predicate conviction that he did not have. He contended that his attorney had been ineffective for failing to move to dismiss the charge and for advising him to plead guilty.

The government did not oppose the motion as it pertained to the aggravated identity theft count; to that extent, the § 2255 motion was successful. The judge vacated the aggravated identity theft conviction, reduced Onamuti's prison sentence by 24 months, and denied all other relief. The judge's decision and a final judgment were entered on June 6, 2022, on the separate civil docket that had been opened for the § 2255 motion; that same day, the decision was also entered on the docket in the criminal case. Both the decision itself and the accompanying minute entry in the criminal docket said that Onamuti "is entitled to the issuance of an amended judgment that reflects Count 21 is dismissed, thereby reducing his total term of incarceration by 24 months." But the amended judgment was not entered until four months later, on October 14, 2022.

In the meantime, Onamuti sought review of the § 2255 decision and order to the extent that the judge had rejected his other grounds for relief. We denied his request for a certificate of appealability, and the Supreme Court denied his petition for a writ of certiorari on October 2, 2023.

While the § 2255 appeal was pending, Onamuti filed a motion in his criminal case seeking attorney's fees under the Hyde Amendment for the legal expenses he had incurred to fight the charges of aggravated identity theft. He argued that the government had pursued those charges vexatiously and in bad faith. The government objected on procedural grounds, arguing first that the Hyde Amendment does not apply in a § 2255 proceeding. The government also argued that it had pursued the aggravated identify theft charges in good faith and had simply made a mistake, which it conceded as soon as the error was discovered.

The judge denied the motion for fees, passing over the parties' arguments and concluding that the motion was procedurally deficient. He reasoned that because the Hyde Amendment incorporates the procedures and limitations of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B) ("EAJA"), an application for fees must be filed within 30 days of the final judgment, which in this case was the June 6 final judgment in Onamuti's § 2255 proceeding. The judge further explained that Onamuti had not provided an itemized description of the hourly rates of his attorneys and the number of hours spent working on the case, as the EAJA requires.

Onamuti appealed the judge's order denying his motion for fees, filing his notice of appeal after the 14-day deadline for criminal appeals had elapsed but within the 60-day timeframe for a civil appeal when the United States is a party. *See* FED. R. APP. P. 4(b)(1)(A) (criminal time limit); *see also* 28 U.S.C. § 2107(b), FED. R. APP. P. 4(a)(1)(B) (civil time limit). After soliciting memoranda from the parties about the timeliness of the appeal, we ordered the parties to address the issue in their briefs.

## II. Discussion

Our first question is whether Onamuti's notice of appeal was timely. The answer depends on which appeal deadline applies: the appeal was timely if the 60-day civil time limit applies but untimely if the 14-day criminal time limit applies. Onamuti argues, of course, for the civil deadline; he reasons that although Hyde Amendment motions arise in criminal cases, they are fundamentally civil in nature and substance. The government argues that the appeal deadline in criminal cases should apply.

Whether Hyde Amendment orders are subject to the civil or criminal appeal deadline is both an open question in this court and the subject of a circuit split. The Fourth, Fifth, Ninth, and D.C. Circuits have held that the civil deadline applies. *United States v. Holland*, 214 F.3d 523, 526–27 (4th Cir. 2000); *United States v. Truesdale*, 211 F.3d 898, 903 (5th Cir. 2000); *United States v. Braunstein*, 281 F.3d 982, 993 (9th Cir. 2002); *United States v. Wade*, 255 F.3d 833, 837–39 (D.C. Cir. 2001). The Tenth Circuit has held that the criminal deadline applies. *United States v. Robbins*, 179 F.3d 1268, 1270 (10th Cir. 1999).

The civil time limit to appeal is jurisdictional. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19, 27 (2017). The time limit for criminal appeals is not jurisdictional, *United States v. Neff*, 598 F.3d 320, 323 (7th Cir. 2010), but it is a mandatory claim-processing rule, and the government invokes it against Onamuti. We therefore must resolve the dispute over which time limit applies.

We agree with the majority view: appeals from Hyde Amendment orders are governed by the civil appeal deadline.

An application for attorney's fees under the Hyde Amendment does not pertain to the adjudication of guilt and or the defendant's punishment. Instead, it invokes a statutory remedy for a private injury, *Holland*, 214 F.3d at 526, and does not implicate the defendant's liberty, *Braunstein*, 281 F.3d at 993. Accordingly, a Hyde Amendment proceeding is an ancillary civil matter within the underlying criminal case. *See, e.g., Holland*, 214 F.3d at 526; *Truesdale*, 211 F.3d at 903–04.

In other contexts, we have held that appeals from orders in criminal cases should be treated as civil matters when they are ancillary or collateral to criminal punishment. *United States v. Lee*, 659 F.3d 619, 620–21 (7th Cir. 2011) (holding that the civil appeal deadline applies to postjudgment garnishment and collection remedies within an underlying criminal case). Following this same reasoning, we have previously signaled our approval of the majority side of this circuit split. In *United States v. Segal*, we addressed an appeal from a postjudgment order in a criminal case resolving a dispute between the parties over an earlier settlement agreement governing the defendant's forfeiture obligations. 938 F.3d 898, 902–03 (7th Cir. 2019). Taking a "pragmatic approach" and considering the substance and context of the proceeding rather than its label, *id.* at 902, we concluded that the civil appeal deadline applied because the postjudgment proceeding was civil in nature, *id.* at 903. In so holding, we approvingly cited *Holland* and *Truesdale*, the cases from the Fourth and Fifth Circuits holding that Hyde Amendment proceedings are governed by the civil time limit to appeal. *Id.* at 903 n.1.

The government's contrary argument is unpersuasive. Urging us to follow the Tenth Circuit—the only circuit that applies the criminal deadline, *see Robbins*, 179 F.3d at 1270—

the government simply asserts that the criminal time limit must apply because Hyde Amendment proceedings arise in criminal cases. This reasoning is conclusory, *see Braunstein*, 281 F.3d at 993, and it also focuses on the proceeding's label rather than its nature and substance, an approach we have repeatedly rejected, *see Segal*, 938 F.3d at 902–03 (collecting cases).

Because the civil deadline applies, this appeal is timely. Turning to the merits, we review the denial of a Hyde Amendment motion for abuse of discretion. *United States v. Terzakis*, 854 F.3d 951, 953 (7th Cir. 2017). The judge denied Onamuti's motion on procedural grounds, concluding that it was untimely and lacked appropriate documentation. The separate dockets, belated entry of the amended criminal judgment, and the effect of Onamuti's § 2255 appeal complicate these questions. But the case is straightforward on the merits, and we may affirm the judgment "on any ground supported in the record so long as it was adequately addressed below." *Hero v. Lake Cnty. Election Bd.*, 42 F.4th 768, 775 n.3 (7th Cir. 2022). The parties addressed the substance of the Hyde Amendment motion—in the district court and here—so we can skip the complexities of the judge's procedural rulings and proceed directly to the merits.

Onamuti had the burden to show by a preponderance of the evidence that the government's position was vexatious, frivolous, or in bad faith. *See Terzakis*, 854 F.3d at 954. The Hyde Amendment does not define these terms, but we have stated that they entail *both* objective deficiency—not at issue here—and subjective bad intent. *Id.* at 956 n.3.

Onamuti has not met his burden to show subjective bad faith. He claimed that the government's sole motive for

adding the two aggravated identity theft charges in the super-
seding indictment was to induce a guilty plea. But he has no
support for that assertion. Moreover, there were 21 other
charges carrying lengthy minimum sentences; these provided
ample incentive for him to negotiate a plea deal. Further,
charging decisions and plea negotiations are often inter-
linked, and so some other specific evidence of subjective bad
intent is required here. Finally, the government conceded the
error as soon as it was brought to its attention and did not
oppose Onamuti's § 2255 motion as it pertained to the aggra-
vated identity theft conviction.

Onamuti points to no evidence that the government's pur-
suit of these charges resulted from anything other than a mis-
taken reading of the statute, which is insufficient to
demonstrate the culpable state of mind required by the Hyde
Amendment. Indeed, Onamuti's lawyer did not notice the
mistake either. Onamuti therefore is not entitled to an award
of attorney fees under the Hyde Amendment.

AFFIRMED